

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA
EX REL. JAMES E. PRICE,
REGISTRATION NO. 40310-066

       Petitioner

vs.

WARDEN, LSCI ALLENWOOD,

       Respondent

: CIVIL ACTION NO.

:

: **3**:CV 01-1150

:

:

:

:

:

**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT
TO 28 U.S.C. § 2241 AND 2243**

FILED
SCRANTON

JUN 2 5 2001

PER _____ DEPUTY CLERK

2

1. PLACE OF DETENTION: LSCI Allenwood, P.O. Box 1000, White Deer, PA. 17887-1000

2. NAME AND LOCATION OF COURT WHICH IMPOSED SENTENCE: The Honorable Marvin Katz, United States District Court for the Eastern District of Pennsylvania, U.S. Courthouse, 601 Market Street, Philadelphia, PA 19016.

3. THE INDICTMENT NUMBER OR NUMBERS UPON WHICH AND THE OFFENSE OR OFFENSES FOR WHICH SENTENCE WAS IMPOSED:
Criminal No. 91-570-06. Conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. 846.

4. THE DATE UPON WHICH SENTENCE WAS IMPOSED AND THE TERMS OF THE SENTENCE:
October 19, 1992. Three hundred sixty (360) months' imprisonment, and five (5) years' supervised release. Sentence to run concurrent with sentence imposed by Judge O'Neill on May 16, 1989.

5. A FINDING OF GUILT WAS MADE FOLLOWING A PLEA OF NOT GUILTY

6. IF YOU WERE FOUND GUILTY AFTER A PLEA OF NOT GUILTY, CHECK WHETHER THAT FINDING WAS MADE BY A JURY/A JUDGE WITHOUT A JURY.   Some but not all necessary findings were made by a jury.

7. DID YOU APPEAL FROM THE JUDGMENT OF CONVICTION OR THE IMPOSITION OF SENTENCE?  Yes

8. IF YOU ANSWERED "YES" TO (7), LIST

(a) the name of each court to which you appealed. United States Court of Appeals for the Third Circuit

(b) the outcome.  Affirmed sub nomine **United States vs. Price**, 13 F3d 711 (3rd Cir. 1994)

(c) the date of the outcome.  1/10/94

9. STATE CONCISELY ALL THE GROUNDS ON WHICH YOU BASE EACH ALLEGATION THAT YOU ARE BEING HELD UNLAWFULLY:

(a) The custody is in violation of the Constitution, laws or treaties of the United States.

(b) The custody is in violation of legal principles articulated in **Jones vs. United States,** 526 U.S. 227, 119 S. Ct. 1215, 143 L.Ed.2d 311 (1999), **Apprendi vs. New Jersey,** 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000)["Jones/Apprendi"], and **United States**

**vs. Jones,** 235 F3d 1231 (10th Cir. 2000), which held that the principles of **Apprendi** apply to cases prosecuted under the federal drug statutes 21 U.S.C. 801 et seq.

10. STATE CONCISELY AND IN THE SAME ORDER THE FACTS WHICH SUPPORT EACH OF THE GROUNDS SET OUT IN (9):

See attached Memorandum of Law in support of Petition for Writ of Habeas Corpus, a copy of which is attached hereto and incorporated by reference herewith.

11. HAVE YOU PREVIOUSLY FILED PETITIONS FOR HABEAS CORPUS, MOTIONS UNDER SECTION 2255 OF TITLE 28, UNITED STATES CODE, OR ANY OTHER APPLICATION, PETITIONS OR MOTIONS WITH RESPECT TO THIS CONVICTION?  Yes.

12. IF YOU ANSWERED "YES" TO (11), LIST WITH RESPECT TO EACH PETITION, MOTION OR APPLICATION.

(a) THE SPECIFIC NATURE THEREOF:

i)      Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. 2241
ii)     Appeal Denial 28 U.S.C. 2241

(b) THE NAME AND LOCATION OF THE COURT IN WHICH EACH WAS FILED:

i) United States District Court for the Middle District of Pennsylvania
ii) United States Court of Appeals for the Third Circuit

(c) THE DISPOSITION THEREOF:

i)      Dismissed
ii)     Affirmed

(d) THE DATE OF EACH DISPOSITION:

i)      July 25, 2000
ii)     February 15, 2001

(e) if known, citations of any written opinions or orders entered pursuant to each such disposition.  N/A

13. IF YOU DID NOT FILE A MOTION UNDER SECTION 2255 OF TITLE 28, UNITED STATES CODE, [OR IF YOU FILED SUCH A MOTION AND IT WAS DENIED] STATE WHY YOUR REMEDY BY WAY OF SUCH MOTION IS INADEQUATE OR INEFFECTIVE TO TEST THE LEGALITY OF YOUR DETENTION.

4

(1) The custody is a violation of a treaty of the United States. Such an issue must be brought in a 2241 habeas corpus petition because the habeas statute is the legislation that confers private rights on the prisoner and makes the treaty self-executing.

(2) The custody is in violation of the Constitution, laws or treaties of the United States. The indictment does not state all elements of the offense. The sentence is illegal because it is higher than the statutory maximum. An illegal sentence is a form of jurisdictional defect. **Bowen vs. Johnston,** 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 855 (1939), **United States vs. Cockerham,** 237 F3d 1179 (10th Cir. 2001). The court has an independent obligation to determine jurisdiction and correct defects in jurisdiction. **Freytag vs. Commissioner of Internal Revenue,** 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991), **United States vs. Tran,** 234 F3d 798 (2nd Cir. 2000), **Kelly vs. United States,** 29 F3d 1107, 1111-1113 (7th Cir. 1994), **Harris vs. United States,** 149 F3d 1304 (11th Cir. 1998)

(3) **Jones/Apprendi/Jones** are retroactive to cases on collateral review because they are the first interpretation of the elements of 21 U.S.C. 841. Accordingly, the defendant is actually innocent of the aggravated drug offense. **Rivers vs. Roadway Express,** 511 U.S. 298, 114 S.Ct. 1510, 1519, 128 L.Ed.2d 274 (1994). ["a judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."], **Davis vs. United States,** 417 U.S. 333, 341-42, 94 S.Ct. 2298, 2302-03, 41 L.Ed.2d 109 (1974)[Held that in a section 2255 motion the court must hear the merits of a prisoner's claim based upon a circuit's decision interpreting the substantive reach of a criminal statute even though the case was decided after the conviction became final. **United States vs. McKie,** 73 F3d 1149 (DC Cir. 1996)[collecting cases]. 28 U.S.C. 2255 is not available because the first 2255 motion was filed before **Jones/Apprendi/Jones.** Price cannot file a second 2255 motion because the requirements for filing a second 2255 motion are not satisfied by an issue based on the first interpretation of a statute. **Jeffers vs. Chandler,** 234 F.3d 277 (5th Cir.2000)(the Fifth Circuit noted 2241 habeas corpus relief may be available to a federal prisoner seeking to attack his conviction based on Supreme Court decision handed down after he had been convicted, sentenced and had exhausted his opportunities for post-conviction relief.), **Reyes-Requena vs. United States,** 243 F3d 893 (5th Cir. 2001).

14. HAS ANY GROUND SET FORTH IN (9) BEEN PREVIOUSLY PRESENTED TO THIS OR ANY OTHER FEDERAL COURT BY WAY OF PETITION FOR HABEAS CORPUS MOTION UNDER SECTION 2255 OF TITLE 28, UNITED STATES CODE, OR ANY OTHER PETITION, MOTION OR APPLICATION? No.

5

15. IF YOU ANSWERED "YES" TO (14), IDENTIFY WHICH GROUNDS HAVE BEEN PREVIOUSLY PRESENTED: N/A

16. WERE YOU REPRESENTED BY AN ATTORNEY AT ANY TIME DURING THE COURSE OF:

(a) arraignment and plea: Yes

(b) trial: Yes

(c) sentencing: Yes

(d) appeal: Yes

(e) post conviction petitions, motions, etc.: yes

17. IF YOU ANSWERED "YES" TO ONE OR MORE PARTS OF (16), LIST

(a) the name and address of each attorney who represented you:

1.   William J. Brennan, Esquire, 1411 Walnut Street, Suite 700, Philadelphia, PA 19102

2. Cheryl J. Sturm, Esquire, 408 Ring Road, Chadds Ford, PA 19317

 (b) the proceedings at which each listed attorney represented you

1.   arraignment and plea, sentencing, direct appeal

2. 28 U.S.C. 2241, Appeal 28 U.S.C. 2241

18.  IF YOU ARE SEEKING LEAVE TO PROCEED IN FORMA PAUPERIS, HAVE YOU COMPLETED THE SWORN AFFIDAVIT SETTING FORTH THE REQUIRED INFORMATION IN INSTRUCTIONS, PAGE 1 OF THIS FORM? N/A.

I, James E. Price, state under penalty of perjury that the foregoing is true and correct.

Executed on  3-23-01

James E. Price

6

Dated: _6/23/01_                    _Cheryl Sturm_

                                    Cheryl J. Sturm,
                                    Attorney-at-Law
                                    408 Ring Road
                                    Chadds Ford, PA 19317
                                    484-771-2000

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          : CIVIL ACTION NO.
EX REL. JAMES E. PRICE,
REGISTRATION NO. 40310-066        :

                                  :

       Petitioner                 :

                                  :

   vs.                            :

                                  :                                    :

WARDEN, LSCI ALLENWOOD,           :

   Respondent                     :

**MEMORANDUM OF LAW IN SUPPORT OF
PETITION FOR WRIT OF HABEAS CORPUS PURSUANT
TO 28 U.S.C. § 2241 AND § 2243**

       **James Price** ["Petitioner"] submits the following in support of his Petition for

Habeas Corpus pursuant to 28 U.S.C. 2241 and 2243 et. seq.

**I. STATEMENT OF THE CASE**

       On October 2, 1991, a Federal Grand Jury in the United States District Court for

the Eastern District of Pennsylvania returned a thirty-two-count indictment charging

James E. Price, and nineteen others, with conspiracy to distribute cocaine, crack cocaine,

and heroin between late 1985 and September 1991. The indictment alleged that all

defendants were members of a criminal organization known as the Junior Black Mafia

["JBM"] which distributed cocaine and heroin in various parts of Philadelphia.

2

On July 14, 1992, following a jury trial in the United States District Court for the Eastern District of Pennsylvania, Marvin Katz, J., Price was convicted of conspiracy to possess with intent to deliver cocaine in violation of 21 U.S.C. 846.

On October 19, 1992, Mr. Price was sentenced to thirty (30) years' imprisonment and five (5) years' supervised release.

On January 10, 1994, the Third Circuit Court of Appeals affirmed the judgment of conviction **sub nomine United States vs. Price**, 13 F3d 711 (3rd Cir. 1994).

On March 20, 1995, the United States Supreme Court denied the Petition for Writ of Certiorari **sub nomine Price vs. United States**, Docket No. 94-7736.

Mr. Price did not filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. Section 2255.

On December 2, 1999, Mr. Price filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241 ["2241 motion"] in the Middle District of Pennsylvania. The 2241 motion raised the following issues: (a) the execution of the sentence violated the Fifth and Sixth Amendments to the United States Constitution because there were no commissioners to apply the provisions of 28 U.S.C. Section 994(s) and 994(r); (b) the sentencing guidelines, as applied to him, violated the enabling statute and were unconstitutional; (c) that the guidelines as applied to Mr. Price were ambiguous and manipulated by the prosecutor were unconstitutional; (d) the sentence imposed on Mr. Price violated the Due Process Clause because the trial judge should have disclosed to the defendants and their lawyers that he had a personal and financial relationship with Michael Baylson, the United States Attorney for the Eastern District of Pennsylvania and should have recused himself; (e) that a motion pursuant to 28 U.S.C. Section 2255 was

3

inadequate and ineffective because, in this case, the 2255 would go back to the judge who had refused to make a timely disclosure of his financial dealings with the United States Attorney and who would be a witness in the case[1]; (f) the execution of Mr. Price's sentence was in violation of the Sixth Amendment in that Mr. Price was denied effective assistance of counsel guaranteed by the 6th Amendment because the judge's failure to disclose his financial relationship with the United States Attorney operated as a constructive denial of counsel, because if counsel had been so informed, he would have filed a recusal motion; (g) counsel was also ineffective in failing to investigate all options to resolve the case.

On July 25, 2000, the district court summarily dismissed the 2241 petition.

On August 15, 2000, Mr. Price filed a timely notice of appeal. on October 19, 2000, Appellate Brief's where filed and on February 15, 2001, the Court of Appeals for the Third Circuit affirmed the July 25, 2000 decision.

## II. STATEMENT OF THE FACTS

On October 2, 1991, a Federal Grand Jury in the Eastern District of Pennsylvania returned Indictment number 91-00570-06. The thirty-two-count indictment charged Mr. Price and nineteen others. Mr. Price was named in Count One of the thirty-two counts.

Count One charged Mr. Price with conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine in violation of 21 U.S.C. 846.

---

[1] Mr. Price's additional reasons why the 2255 motion would be "inadequate or ineffective were (1) the one year deadline under the Antiterrorism and Effective Death Penalty Act ["AEDPA"], operated as an artificial barrier to the relief being sought and attacks against the execution of sentence are not subject to the AEDPA's deadlines. Attacks directed at the execution of sentence may be combined with attacks on the imposition of sentence and litigated in a 2241 petition. Because a Section 2255 remedy is inadequate or

4

Mr. Price pled not guilty and elected trial by jury. On July 14, 1992, the jury convicted Mr. Price on Count One.

At trial, the jury was not instructed that the quantity of the controlled substance was an element of the offense. The jury was not required to find a specific drug quantity in order to convict.

At trial the Honorable Marvin Katz, instructed the jury; "Let me emphasize one point. The penalty that attaches if you return a verdict of guilty is simply not your responsibility. That is my responsibility and that's my responsibility alone and you should not consider the penalty which would attach if you found these defendants or any of them or all of them guilty in arriving at an impartial verdict." (Transcript of Proceedings, 7/9/92 at 29). Judge Katz did not instruct the jury that drug quantity were elements of the offense in its conspiracy instructions.

At sentencing, Mr. Price's sentence was determined by Judge Katz, who utilized the preponderance of the evidence standard over defense objections including objections to the sentencing factors driving the sentencing determination.

The Presentence Investigation Report ["PSI"] recommended that Mr. Price be held accountable for 500 to 1500 kilograms of cocaine. In addition, the PSI increased offense level by 2 points for possession of a firearm. The PSI recommended a Total Offense Level of 42 and a Criminal History Category of I, and a sentencing guideline range of 360 months imprisonment to life.

At sentencing, Judge Katz, adopted the Presentence Report, thereby finding Mr. Price's offense level to be 42 with a Criminal History Category of I, for an applicable

---

ineffective in this case, the 2241 habeas corpus must remain open to afford necessary

Case 1:01-cv-01150-YK-DB    Document 1    Filed 06/25/2001    Page 11 of 21

5

guideline range of 360 months imprisonment to life. Judge Katz sentenced Mr. Price to

360 months' imprisonment.

## III. THE JONES/APPRENDI/JONES ISSUE[2]

At trial, the jury was not instructed that the quantity of the controlled substance

was an element of the offense. The jury was not required to find a specific drug quantity

in order to convict. The jury was not instructed to return a special verdict.

At trial, Judge Katz, instructed the jury; "Let me emphasize one point. The penalty

that attaches if you return a verdict of guilty is simply not your responsibility. That is my

responsibility and that's my responsibility alone and you should not consider the penalty

which would attach if you found these defendants or any of them or all of them guilty in

arriving at an impartial verdict." (Transcript of Proceedings, 7/9/92 at 29). Judge Katz did

not instruct the jury that drug identity or drug quantity were elements of the offense of

conspiracy or the substantive charges.

---

relief.

[2] **Jones vs. United States**, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)
held that elements of a criminal offense must be stated in the indictment, submitted to a
jury and proven beyond a reasonable doubt. **Apprendi vs. New Jersey**, 530 U.S. 466,
120 S.Ct. 2348, 147 L.Ed.2d 435  (2000) held "Other than a fact of a prior conviction,
any fact that increases the penalty for a crime beyond the prescribed statutory maximum
must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi** at 120
S.Ct. 2362-63. **United States vs. Jones**, 235 F3d 1231 (10th Cir. 2000), which was
reconsidered after the United States Supreme Court granted certiorari, vacate the
sentence, and remanded in light of **Apprendi** held that the principles of **Apprendi** apply
to cases prosecuted under 21 U.S.C. 841(a) and 21 U.S.C. 841(b). **Jones/Apprendi** has
had significant ramifications for drug prosecutions under 21 U.S.C. 841(a) and
sentencing under 841(b), which prescribes staggered maximum and minimum penalties
for drug offenses dependent upon drug quantity. Most courts have held that, pursuant to
**Apprendi**, the prosecution must identify in the indictment the kind and quantity of drugs
for which it seeks to hold the defendant responsible under 21 U.S.C. 841(a), and that the
determination of drug quantity under 841(b) must, when it subjects the defendant to an
enhanced sentence, be considered an element of the offense

6

At sentencing, Price's sentence was determined by Judge Katz, who utilized the preponderance of the evidence standard over defense objections including objections to the sentencing factors driving the sentencing determination.

Judge Katz relied on recommendations in the Presentence Investigation Report ["PSI"]. The PSI, which was based on the United States attorney's position, recommended that Price be held accountable for 500 to 1500 kilograms of cocaine. In addition, the PSI recommended increasing the Base Offense Level by +2 points for possession of a firearm. At sentencing, Judge Katz, adopted the PSI, thereby finding Mr. Price's offense level to be a 42 with a Criminal History Category of I, for an applicable guideline range of 360 months imprisonment to life.  Judge Katz sentenced Mr. Price to 360 months' imprisonment.

## IV. JAMES PRICE IS BEING HELD IN CUSTODY IN VIOLATION OF A TREATY OF THE UNITED STATES

### A. LEGAL ARGUMENT

Article 9 paragraph 4 of the International Covenant on Civil and Political Rights, December 16, 1966, 999 U.N.T.S. 171 ["ICCPR"] to which the United States became a party in 1992, states, "anyone who is deprived of his liberty by...detention shall be entitled to take proceedings before a court, in order that the court may decide without delay on the lawfulness of his detention and order his release if the detention is not lawful."

Article 14, paragraph 1, sentence 2 states, "In the determination of any criminal charge against him...everyone shall be entitled to a fair and public hearing by a competent, independent and impartial tribunal established by law."

7

Article 15, paragraph 1, sentence 3 states, "If, subsequent to the commission of the offence, provision is made by law for the imposition of a lighter penalty, the offender shall benefit thereby."

Price has a private right to enforce the treaty by virtue of 28 U.S.C. 2241(c)(3) which authorizes a prisoner to file for habeas corpus based on a treaty violation.

In **Kansas vs. Colorado**, 206 U.S. 46, 97, 27 S.Ct. 655, 667, 51 L.Ed. 956 (1907) the Supreme Court stated:

> International law is part of our law, and must be ascertained and administered by the courts of justice of appropriate jurisdiction as often as questions of right depending upon it are duly presented for their determination.

An Act of Congress is not to be construed in a manner that violates international law. **Filartiga vs. Pena-Irala**, 630 F2d 876, 887 (2nd Cir. 1980)("The law of nations...has always been part of the federal common law.").

As demonstrated below, Price's conviction and sentence violates mandatory provisions imposed by the ICCPR, as well as various aspects of the Fifth and Sixth Amendments to the Constitution of the United States.

First, the ICCPR and the Fifth Amendment guarantee the criminal trial will be held before a fair, neutral and impartial judge. In this case, the trial judge had financial ties to the United States attorney, and he should have disqualified himself. Accordingly, Price was not tried by a fair, neutral and impartial judge.

Second, the ICCPR and the Fifth and Sixth Amendments guarantee a criminal defendant the benefit of a change in substantive criminal law. In other words, any change in the interpretation of a statute that limits the reach of the statute is retroactive.

8

Third, the ICCPR and the Fifth and Sixth Amendments guarantee the district

court will not impose a sentence beyond its jurisdiction.

**Jones vs. United States**, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999)

held that that all elements of a criminal offense must be stated in the indictment,

submitted to a jury and proven beyond a reasonable doubt.

**Apprendi** held "Other than a fact of a prior conviction, any fact that increases the

penalty for a crime beyond the prescribed statutory maximum must be submitted to a

jury, and proved beyond a reasonable doubt." **Apprendi** at 120 S.Ct. 2362-63.

**United States vs. Jones**, 235 F3d 1231 (10th Cir. 2000), which was reconsidered

after the United States Supreme Court granted certiorari, vacate the sentence, and

remanded in light of **Apprendi** held that the principles of **Apprendi** apply to cases

prosecuted under 21 U.S.C. 841(a) and 841(b).

**Jones/Apprendi/Jones** have had significant ramifications for drug prosecutions

under 21 U.S.C. 841(a) and sentencing under 841(b), which prescribes staggered

maximum and minimum penalties for drug offenses dependent upon drug quantity. This

court has held that, pursuant to **Apprendi**, the prosecution must identify in the indictment

the kind and quantity of drugs for which it seeks to hold the defendant responsible under

21 U.S.C. 841(a), and that the determination of drug quantity under 841(b) must, when it

subjects the defendant to an enhanced sentence, be considered an element of the offense

and not a sentencing factor. **United States vs. Nordby**, 225 F3d 1053, 1056 (9th Cir.

2000).

Other circuits agree. In **United States vs. Flowal**, 234 F3d 932, 938 (6th Cir.

2000), the Sixth Circuit said that each penalty provision of 841(b) is to be treated as a

9

separate crime, with different elements, including drug identity and drug weight, which must be proved beyond a reasonable doubt when sentencing a defendant in excess of the default statutory maximum set forth in 21 U.S.C. 841(b)(1)(C) for all drugs except marijuana, or in 841(b)(1)(D) for marijuana. Most courts appear to endorse this approach. **United States vs. Doggett**, 230 F3d 160 (5th Cir. 2000), **United States vs. Angle**, 230 F3d 113 (4th Cir. 2000).

At the risk of flogging the point, **Jones/Apprendi/Jones** are retroactive to cases on collateral review because they represent the first interpretation of a criminal statute not subject to rules of retroactivity set forth in **Teague vs. Lane**, 489 U.S. 288, 205,-309, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). See, for example, **Lanier vs. United States**, 205 F3d 958, 963 (7th Cir. 2000) holding **Richardson** to be retroactive as the first interpretation of 21 U.S.C. 848. See also, **Fiore vs. White**, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) holding that the first interpretation of a criminal statute is retroactive to the date of enactment. In that case, the petitioner was convicted in a state court of operating a hazardous waste facility without a permit. After Fiore's conviction became final, the PA Supreme Court interpreted the statute for the first time and made it clear that Fiore had a permit so his conduct was not within the scope of the statute. The PA courts refused to grant collateral relief. The Court held it was error not to grant the relief sought because the PA Supreme Court's interpretation of the statute was retroactive to the date of enactment.

In **Reyes-Requena vs. United States**, 243 F3d 893, 905 (5th Cir. 2001) the Court stated that **Jones vs. United States**, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000)[the Jones arson case] is retroactive as a first interpretation of substantive law,

10

citing **United States vs. Ryan**, 227 F3d 1058, 1062-63 (8th Cir. 2000)[also an arson case].

In **Darity vs. United States**, 124 F.Supp2d 355 (WDNC 2000), the district court held Apprendi retroactive on the theory that the case was the first interpretation of Section 841 with respect to what constitutes an element of the offense.

However, **Parise vs. United States**, 2001 WL 298766 (DCT 2001) held Apprendi to be retroactive on the grounds that it a watershed rule of criminal procedure. **Reynolds vs. Cambra**, 2001 WL 314628 (CDCA 2001) also held Apprendi retroactive as a watershed rule of criminal procedure, and **United States vs. Murphy**, 109 F.Supp 2d 1059, 1064 (DMN 2000), **Hoffman vs. Arave, supra., Illinois vs. Beachum**, ___N.E.2d 2000 WL 1800441 (Ill. App. 2000)[opining that Apprendi applies retroactively on collateral review because it "not only safeguards fundamental fairness; its reasonable doubt standard provides the only measure of accuracy in extended sentencing."]

With respect to the merits of the **Apprendi** issue, there is no question that Price is covered by even the most narrow view of the **Apprendi** holding.

Price has a sentence of 360 months. The district court had no authority to impose a sentence higher than the sentence for the most basic drug offense.

## V. THE COURT HAS SUBJECT MATTER JURISDICTION BECAUSE THE 2255 REMEDY IS INADEQUATE OR INEFFECTIVE

Federal courts have subject matter jurisdiction over habeas corpus petitions from federal prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

11

Section 2241 states that "writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district court and any circuit judge within their respective jurisdictions" to prisoners "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(a), (c)(3).

Courts may grant the writ when the petitioner alleges and proves actual innocence or a miscarriage of justice. See, **In re Dorsainvil**, 119 F.3d 245, 248 (3rd Cir. 1997), **Triestman v. United States**, 124 F.3d 361, 377 (2nd Cir. 1997), **Reyes-Requena vs. United States**, 243 F3d 893, 905 (5th Cir. 2001).

Furthermore, the instant 2241 is the proper remedy when the constitutional violations are based on (a) events that occurred after the imposition of the sentence, or (b) involve a treaty violation.

On October 19, 1992, Price was sentenced to thirty years' imprisonment. **Apprendi** was decided years after Price was sentenced, and years after passage of the deadline for filing a 2255 motion.

**Apprendi** is an event that occurred after the imposition of sentence that operates to reduce the penalty. Price is entitled to benefit from **Apprendi** under provisions of the ICCPR and under the Constitution of the United States.

In this case, Price was indicted for drug offenses. The jury was not instructed to find the drug identity or quantity beyond a reasonable doubt. Accordingly, under the **Apprendi** decision, the maximum sentence for the offense simpliciter.

Plainly, a federal prisoner may seek federal habeas corpus if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after the first 2255 motion. **Reyes-Requena vs.**

12

**United States**, 243 F3d 893, 905 (5th Cir. 2001), **Davis vs. United States**, 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974), **Triestman vs. United States**, 124 F.3d 361 (2nd Cir.1997)(2241 review available when not doing so would pose a serious constitutional question and review is necessary to achieve justice in an extraordinary case.), **Jeffers vs. Chandler**, 234 F.3d 277 (5th Cir.2000) (the Fifth Circuit noted 2241 habeas corpus relief may be available to a federal prisoner seeking to attack his conviction based on Supreme Court decision handed down after he had been convicted, sentenced and had exhausted his opportunities for post-conviction relief.).

      28 U.S.C. 2241 is always available to address claims that a sentence is higher than the statutory maximum and therefore beyond the court's jurisdiction to impose. **Bowen vs. Johnston**, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 855 (1939)[original purpose of habeas corpus was to examine court's jurisdiction and correct defects].

**United States vs. Tran, supra. Kelly vs. United States**, 29 F3d 1107, 1111-112 (7th Cir. 1994), **United States vs. Nordby**, 225 F.3d 1053 (9th Cir. 2000)

      In **Gomori vs. Arnold**, 533 F2d 871, 874 (3rdCir.), cert. den. 429 U.S. 851 (1976), the Court stated that a petition brought under 2241 is appropriate "where petitioner challenges the effect of events subsequent to his sentence." In this case, all issues in the 2241 are based on events that occurred after the imposition of sentence, to wit, the discovery of the relationship between the judge and the U.S. attorney and the Apprendi decision.

      Furthermore, where, as here, a 2241 petition is based on events that occurred after the sentencing, the petition may include events that occurred up to and including the sentencing. Traditionally, 2241 is the appropriate remedy where the allegations involve a

13

mixture of events, i.e., events that occurred before, during, and after the imposition of the sentence. **Cohen vs. United States**, 593 F2d 766, 769 (6th Cir.1979).

In **United States ex. rel. Legillou vs. Davis**, 212 F2d 681 (3rd Cir.1954) this Court stated:

> Indeed, we think the remedy by motion (under 2255) can be inadequate or ineffective to test the legality of detention only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.

In this case, Price cannot get complete relief in a 2255 motion because the issues presented for adjudication involve facts that (a) involve a treaty violation and (b) occurred after the imposition of sentence. Because a 2255 motion cannot be used to address events that occurred after imposition of sentence, and cannot be used to redress a treaty violation, the 2255 remedy is inadequate and ineffective. **Cohen vs. United States**, supra, (petitioner may use 2241 where 2255 remedy cannot afford complete relief).

## VI. THE APPROPRIATE STATUTORY MAXIMUM

21 U.S.C. 841(b)(1)(C) provides the basic statutory penalty for the offense of conspiracy to distribute or distribution of cocaine:

> In the case of a controlled substance in schedule I or II, or 1 gram of flunitrazepam, except as provided in subparagraphs (A), (B), and (D), such person shall be sentenced to a term of imprisonment of not more than 20 years....

The failure to submit to the jury the identity and quantity of drugs, the essential facts driving the sentencing calculation denies due process of law and denies the right to trial by jury.

14

Apprendi dictates that Price's conviction should be reversed because the government failed to plead and prove each and every element of the offense beyond a reasonable doubt. **In re Winship**, 397 U.S. 358, 364 (1970).

At minimum, Price is entitled to be resentenced without reference to drug identity or quantity.[3]

## VII. CONCLUSION

The Petition should be granted. The writ should issue.

Cheryl J. Sturm
Attorney-At-Law
408 Ring Road
Chadds Ford, Pennsylvania 19317
(484) 771-2000

---

[3] If resentencing is the appropriate remedy for an **Apprendi** violation, then it would be de novo using the sentencing guidelines manual in effect today. **United States vs. Harris,** 209 F3d 156 (2nd Cir. 2000)[De novo resentencing when sentence is vacated in 2255], **United States vs. Faulks,** 201 F3d 208 (3rd Cir. 2000)[same].

**DECLARATION**

The undersigned declares, under penalties of perjury, pursuant to 28 U.S.C. 1746

that the following information is true to the best of my knowledge:

1. I am the Petitioner in the attached Habeas Corpus Petition;

2. I have read the Petition and Memorandum of Law carefully. I agree

with the facts set forth therein, and I adopt those statements of fact as my own.


Date: 3-23-01                    _____
                                  James E. Price