ORIGINAL

FILED
AUG 03 2001
HARRISBURG, PA
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. PRICE,                      :
          Petitioner     :      No. 1:CV-01-1150
                         :
          v.               :      (Judge Kane)
                         :
WARDEN, LSCI-ALLENWOOD,              :
          Respondent     :

### RESPONDENT'S RESPONSE TO
### THE PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas corpus matter brought under 28 U.S.C. §2241, by a federal prisoner, James E. Price, who presently is confined at the Allenwood Federal Lower Security Institution in White Deer, Pennsylvania ("LSCI Allenwood"). This is Price's second attempt in this district via a habeas petition to challenge a 1992 federal conviction that occurred in another district. As explained below and as the Court has previously held, Price cannot challenge his federal conviction through a §2241 petition and his habeas petition should be dismissed.

### Statement of the Case

In 1992, Price was convicted in the United States District Court for the Eastern District of Pennsylvania for conspiracy to possess with intent to distribute cocaine in violation of 18 U.S.C. §846. Price received a 360-month sentence. Habeas Petition, at 1. Price filed a direct appeal with the Third Circuit Court of Appeals, which affirmed the conviction and

sentence in 1994.  <u>United States v. Price</u>, 13 F.3rd 711 (3rd Cir. 1994), *cert. denied*, 514 U.S. 1023 (1995).

According to the habeas petition, Price has never filed a motion under 28 U.S.C. §2255 to challenge his conviction and sentence.  Habeas Petition, at 3-4.  Instead, in November 1999 Price filed a habeas petition under 28 U.S.C. §2241 in this district to challenge his conviction and sentence.  In a July 25, 2000 order, this Court held that Price could challenge his conviction only under 28 U.S.C. §2255 and the Court dismissed the habeas petition.  <u>See</u> <u>Price v. Mendez</u>, No. 3:CV-99-2092, slip op. (M.D.Pa. July 25, 2000)(attached).  The Third Circuit affirmed on February 15, 2001.  <u>Price v. Mendez</u>, 250 F.3d 736 (3rd Cir. 2001)(slip opinion attached).

On June 25, 2001, Price, through counsel, filed yet another habeas petition under 28 U.S.C. §2241 to challenge his criminal conviction and sentence.  In his latest petition, Price claims that his custody is in violation of the Constitution and treaties of the United States and is in violation of the legal principles articulated in <u>Jones v. United States</u>, 526 U.S. 227 (1999), and <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  The Court ordered the habeas petition served on July 18, 2001.

### Question Presented

Should Price's petition be denied in that Price cannot challenge his federal criminal conviction via a §2241 habeas petition?

## **Argument**

**PRICE'S HABEAS PETITION SHOULD BE DENIED IN THAT PRICE
CANNOT CHALLENGE HIS FEDERAL CRIMINAL CONVICTION BY A
§2241 HABEAS PETITION.**

**A.    Section 2255 is the Exclusive Means to Challenge a Federal
Criminal Conviction.**

To seek federal post-conviction relief from a judgment of

conviction, persons convicted in federal court are *required* to

bring their collateral attacks challenging the *validity* of their

conviction and sentence by filing a motion to vacate sentence

pursuant to 28 U.S.C. §2255, **not** under 28 U.S.C. §2241.   In re

Dorsainvil, 119 F.3d 245, 249 (3rd Cir. 1997);   In re Vial, 115 F.3d

1192, 1194 (4th Cir. 1997); Bradshaw v. Story, 86 F.3d 164, 166 (10th

Cir. 1996).   Section 2255 provides a remedy that is the equivalent

to the relief historically available under the habeas writ.   Hill

v. United States, 368 U.S. 424, 427 (1962)("[I]t conclusively

appears from the historic context in which §2255 was enacted that

the legislation was intended simply to provide in the sentencing

court a remedy exactly commensurate with that which had previously

been available by habeas corpus in the court of the district where

the prisoner was confined.").[1]

_____

[1] The reason for this rule is due to the venue provisions
governing §2241 petitions.   Previously, prisoners had challenged
their federal convictions by filing a petition for writ of habeas
corpus under 28 U.S.C. §2241.   This proved unmanageable, however,
in that §2241 habeas petitions are filed in the district where the
prisoners are confined.   As a result, the few districts that had
major federal penal institutions were required to handle an
inordinate number of habeas actions far from the homes of the

3

Section 2255 motions now are the **exclusive** means by which a federal prisoner can challenge a conviction or sentence that allegedly is in violation of the Constitution or federal laws or that is otherwise subject to collateral attack. <u>Davis v. United States</u>, 417 U.S. 333, 343 (1974); <u>United States ex rel. Leguillou v. Davis</u>, 212 F.2d 681, 683 (3rd Cir. 1954). Thus, if a prisoner attempts to challenge his federal conviction or sentence under 28 U.S.C. §2241, the habeas petition must be dismissed for lack of jurisdiction. <u>Application of Galante</u>, 437 F.2d 1164, 1165 (3rd Cir. 1971).

The <u>only</u> exception, *i.e.* when a federal prisoner nevertheless can seek habeas relief under §2241, is when §2255 proves "inadequate or ineffective" to test the legality of detention. 28 U.S.C. §2255; <u>Davis</u>, 417 U.S. at 343; <u>Dorsainvil</u>, 119 F.3d at 251; <u>Vial</u>, 115 F.3d at 1194. As discussed below, this exception rarely exists and does not apply if a defendant has been unsuccessful in obtaining §2255 relief or cannot satisfy the limitations imposed on §2255 motions by amendments enacted through AEDPA.

---

witnesses and the records of the sentencing court. Accordingly, in 1948, Congress enacted §2255 to require collateral review of convictions and sentences of federal prisoners in the district of the criminal trial court. <u>Dorsainvil</u>, 119 F.3d at 249.

**B.    Limitations on Bringing §2255 Motions and Successive §2255 Motions.**

In 1996, Congress amended §2255 through AEDPA.  One significant change is that prisoners must file their §2255 motions within one year of their conviction or within three other narrowly tailored situations, whichever is latest.  Another change is that AEDPA codified and extended judicially constructed limits on second and successive applications for collateral relief under §2255.  A second or successive §2255 motion now can be made only if the appropriate court of appeals approves such a motion and then only under very limited circumstances.  28 U.S.C. §2255; <u>Vial</u>, 115 F.3d at 1194-95.

AEDPA is, in part, Congress' codification of long-held legal principles involving ease of administration and the interest in promoting the finality of judgments.  While it is beyond doubt that a conviction must be obtained in a manner that comports with the Constitution, our system of justice affords a defendant the opportunity to challenge his/her conviction through a direct appeal and in a collateral §2255 motion.  <u>See</u> <u>Daniels v. United States</u>, ___ U.S. ___, 121 S.Ct. 1578, 1582 (2001).

Critically, "[t]hese vehicles for review ... are not available indefinitely and without limitations.  Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of administrative remedies, operate to limit access to review on the merits of a constitutional

5

claim." <u>Daniels</u>, ___ U.S. at ___, 121 S.Ct. at 1582-83 (holding that if a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack because the defendant failed to pursue those remedies while they were available or because the defendant did so unsuccessfully, the "defendant is without recourse"). One of the principles vindicated by these limitations "is a 'presumption deeply rooted in our jurisprudence: the 'presumption of regularity' that attaches to final judgments, *even when the question is waiver of constitutional rights.*'" <u>Id</u>. (emphasis added)(quoting <u>Parke v. Raley</u>, 506 U.S. 20, 29 (1992).

Summarizing, therefore, §2255 is the exclusive means by which a defendant can challenge his federal conviction. Moreover, the availability of this form of collateral review of a conviction is limited both temporally (a one-year statute of limitations) and in number (only one §2255 motion unless one of two *narrow* circumstances occur). As explained next, the failure to satisfy the stringent gatekeeping requirements on §2255 motions imposed by AEDPA does <u>not</u> constitute one of the exceptions where a §2255 motion is "inadequate or ineffective" so as to permit a defendant to challenge his/her federal conviction via a §2241 habeas petition.

**C.    The Inability to Satisfy the Gatekeeping Provisions Imposed by AEDPA Does Not permit a Defendant to Challenge His/Her Federal Conviction by a §2241 Habeas Petition.**

In <u>Dorsainvil</u>, the Third Circuit Court of Appeals addressed the "inadequate and ineffective" exception of §2255, known as the "safety-valve" clause or "savings" clause of §2255, and held that it ***must*** be construed ***strictly***.   119 F.3d at 251 (emphasis added)(collecting cases).   The Court made it clear that §2255 would not be found to "be 'inadequate or ineffective' so as to enable a second petitioner to invoke §2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended §2255.   Such a holding would effectively eviscerate Congress's intent in amending §2255."   <u>Id</u>. at 251.

Other Courts of Appeals are in agreement.   <u>See</u> <u>Pack v. Yusuff</u>, 218 F.3d 448, 453 (5th Cir. 2000)("A ruling that the section 2255 remedy was inadequate or ineffective, such that a petitioner could invoke section 2241, simply because the petitioner's prior section 2255 motion was unsuccessful, or barred, or because he could not file another motion, would render those procedural requirements a nullity and defy Congress's clear attempt to limit successive habeas petitions."); <u>United States v. Barrett</u>, 178 F.3d 34, 50 (1st Cir. 1999)(simply because a prisoner cannot meet AEDPA's "second or successive" requirements does not make §2255 "inadequate or ineffective;" to permit such a result "would make Congress' AEDPA amendment of §2255 a meaningless gesture"); <u>In re Davenport</u>,

7

147 F.3d 605, 608 (7th Cir. 1998)(the argument that the "inadequate or ineffective" language of §2255 permits a prisoner to turn to §2241 when prevented from obtaining relief under §2255 "can't be right; it would nullify the limitations"); Triestman v. United States, 124 F.3d 361, 376 (2nd Cir. 1997)(if a prisoner could bring a §2241 action simply when unable to bring a §2255 petition, "then Congress would have accomplished nothing at all in its attempts -- through statutes like AEDPA -- to place limits on federal collateral review"); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997)(en banc)(§2255 "is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision ... or because an individual is procedurally barred from filing a §2255 motion....")(citations omitted); Bradshaw, 86 F.3d at 166 (§2241 "is not an additional, alternative, or supplemental remedy to 28 U.S.C. §2255"). See also Leguillou, 212 F.2d at 684; United States v. Walker, 980 F.Supp. 144 (E.D. Pa. 1997).

Thus, the availability of §2241 to challenge a federal conviction is extremely limited and "is now reserved for rare cases." Dorsainvil, 119 F.3d at 250. Indeed, the only time in recent memory that a §2241 petition has been permitted to be used within this Circuit to challenge a federal conviction was in Dorsainvil.

There, the defendant wished to challenge his conviction under 18 U.S.C. §924(c), after the Supreme Court in <u>Bailey</u>[2] limited the circumstances under which a person could be convicted of that offense. The Third Circuit held that the petitioner could not raise his <u>Bailey</u> issue in a successive §2255 petition given the statutory limitations on successive §2255 petitions. However, that left Dorsainvil in a *unique* position where he may well have been convicted *for conduct that was not criminal* with him having no §2255 remedy. 119 F.3d at 251 (relying on <u>Davis</u>, 417 U.S. 333, in which the Court held that habeas relief is available to a person where **a subsequent statutory interpretation revealed his <u>conduct not to be criminal</u>** in order to avoid a complete miscarriage of justice). Thus, the safety-clause valve of §2255 typically is limited to circumstances where the underlying conduct is not criminal; it does not apply in cases where a prisoner cannot meet the gatekeeping requirements of §2255.[3]

---

[2] <u>Bailey v. United States</u>, 516 U.S. 137 (1995).

[3] In <u>United States v. Brooks</u>, 230 F.3d 643 (3rd Cir. 2000), the Third Circuit confirmed that §2241 may not be used to escape the procedural limitations imposed by the AEDPA. The Court of Appeals recognized that in <u>Dorsainvil</u>, by the time it was decided that the *defendant's conduct was not criminal at all*, Dorsainvil had no recourse to §2255 to redress the situation. In contrast, where a defendant could have availed himself of §2255 to address his grievance but was now barred due to AEDPA's procedural rules, recourse to §2241 was impermissible. Accordingly, the Circuit held that the petitioner could not challenge his conviction in the Court of Appeals under §2241 simply because AEDPA barred an appeal of the district court's decision as to his §2255 petition. <u>Brooks</u>, 230 F.3d 643.

**D.   Price Cannot Bring a §2241 Habeas Petition to Challenge His Conviction.**

In his habeas petition, Price claims that his conviction violates the holdings of <u>Jones</u> and <u>Apprendi</u>, i.e., any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proven beyond a reasonable doubt.  Habeas Petition, at 2-3; Habeas Brief, at 8-9.  Pursuant to the above-stated legal principles, Price cannot raise his claim under §2241.[4]  Rather, he must seek relief under §2255.  To the extent that Price cannot successfully do so at this time, such does not permit Price to file a §2241 habeas petition.

Moreover, we note that the Supreme Court has not held that <u>Apprendi</u> should be applied retroactively to cases on collateral review.  In <u>Tyler v. Cain</u>, 121 S.Ct. 2478 (2001), the Supreme Court addressed a provision barring successive §2244 motions, 28 U.S.C. §2244(b)(2)(A), which provision is identical to the provision barring successive §2255 motions as it relates to new Supreme Court decisions made retroactive to cases on collateral review.  The Supreme Court concluded that a successive §2244 motion is barred unless it **itself** holds that a decision it made applies retroactively to cases on collateral review.

---

[4] We further note that under the prior case law, Price's habeas petition would appear to be an abuse of the writ.  Price filed his first §2241 petition in November 1999, which was eight months **after** the Supreme Court had issued its decision in <u>Jones</u>, 526 U.S. 227 (1999), upon which Price relies.

10

Thus, in that the provisions of §2244 are the same as those in §2255, no court, other than the Supreme Court itself, can make a case retroactive that would authorize a successive §2255 motion.  As just noted, the Supreme Court has not made <u>Apprendi</u> retroactive to cases on collateral review.[5]  As such, Price is prohibited from filing a successive §2255 motion at this time.

Obviously, if the Supreme Court later holds that <u>Apprendi</u> should be applied retroactively, Price then will be able to seek leave to file a successive §2255 motion.  In the interim, Price cannot evade the gatekeeping requirements enacted by AEDPA by invoking §2241 without "effectively eviscerat[ing] Congress's intent in amending §2255."  <u>Dorsainvil</u>, 119 F.3d at 251.

As to Price's argument that he still can challenge his conviction under 28 U.S.C. §2241 pursuant to the ICCPR (International Covenant on Civil and Political Rights) treaty, this is not correct.  Judge Caldwell recently held that the ICCPR is not self-executing and it cannot be enforced by the courts.  <u>See</u> <u>Rivera v. Warden</u>, No. 1:CV-01-0096, slip op. at 11-13 (M.D. Pa. June 12, 2001)(attached)(citing cases).  Thus, Price's ICCPR treaty claim does not permit him to circumvent the restrictions on §2255

---

[5] We note that prior to the <u>Tyler</u> decision, the Fourth Circuit held that <u>Apprendi</u> does not apply retroactively pursuant to the approach set forth in <u>Teague v. Lane</u>, 489 U.S. 288, 307 (1989). <u>See</u> <u>United States v. Sanders</u>, 247 F.3d 139 (4th Cir. 2001).

11

motions by raising his claim under the guise of a treaty violation.[6]

Finally, Price's cites to <u>Cohen v. United States</u>, 593 F.2d 766 (6th Cir. 1979), for the proposition that a person can bring a claim under §2241 "where the allegations involve a mixture of events, *i.e.*, events that occurred before, during, and after the imposition of the sentence." Habeas Brief, at 12-13. The actual holding in <u>Cohen</u>, however, was that a prisoner's claim that the government has failed to live up to the terms of a plea agreement regarding conveying information to parole authorities, which inherently put into question the effect of the alleged breach on the prisoner's right to parole, was a claim that was properly raised under 28 U.S.C. §2241, not §2255. <u>Cohen</u>, 593 F.2d at 767-

---

[6] To the extent Price argues that a treaty violation involving a criminal matter can only be raised in a §2241 habeas petition and not under §2255, we presume Price rests his argument on the ground that 28 U.S.C. §2255 does not *specifically* state that a criminal defendant can raise a treaty violation as a claim in a §2255 motion. The language contained within §2255, however, does not mean that §2255 absolutely bars raising treaty claims under its provisions. Indeed, in <u>Jiminian v. Nash</u>, 245 F.3d 144 (2nd Cir. 2001), the Second Circuit recognized that although §2241 authorizes federal prisoners to challenge their conviction as being in violation of the Constitution *or the treaties* of the United States, as a general rule, such claims (*including treaty claims*) should be raised under §2255 instead of §2241. <u>See generally</u> <u>United States v. Benitez</u>, 28 F.Supp.2d 1361 (S.D. Fl. 1998), *affirmed sub nom.* <u>United States v. Duarte-Acero</u>, 208 F.3d 1282 (11th Cir. 2000) (addressing an ICCPR claim via a motion to dismiss an indictment).

Thus, even if ICCPR was self-executing, which it is not, Price still could have raised his treaty claim by direct appeal or through a timely §2255 motion.

771.    Although the court did mention in a footnote that habeas corpus could be available where §2255 relief was inadequate or ineffective, and that it *believed* that a prisoner having to go to three different courts to obtain relief would be an "inadequate and ineffective avenue for judicial redress," id., at 771 n.12, this statement was dicta.

Moreover, the facts were unique in Cohen where the prisoner had been convicted in three different districts, which involved three plea agreements.  For the prisoner to challenge his parole decision as impacted by the government's promises in its plea agreements -- even though the promises were identical in each plea agreement -- the prisoner would have had to file three separate §2255 motions in three different courts.  As the Sixth Circuit recognized, that was an ineffective avenue of judicial redress in light of the facts of that case.

In sum, no matter how Price tries to frame his claims, he cannot challenge his conviction and sentence via §2241.  As such, the habeas petition should be dismissed.

## Conclusion

For the above-stated reasons, Price's petition for a writ of habeas corpus should be dismissed.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney

_____
KATE L. MERSHIMER
Assistant U.S. Attorney
ANITA LIGHTNER
Paralegal Specialist
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA    17108-1754
717/221-4482

Date: August 3, 2001

14

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. PRICE,                         :
                                        :
            Petitioner                  :
                                        :
      v.                                :        CIVIL NO. 3:CV-99-2092
                                        :
JAKE MENDEZ,                            :        (Judge Kane)
                                        :
            Respondent                  :

**ORDER**

FILED
HARRISBURG,

JUL 2 5 2000

MARY E. D'ANDREA,
Per_____
        Deputy Clerk

Background

     This petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 was initiated by James E. Price, an inmate presently incarcerated

at the Allenwood Federal Correctional Institution, White Deer,

Pennsylvania (FCI-Allenwood).  The required filing fee has been paid.

Named as sole Respondent is FCI-Allenwood Warden Jake Mendez.

     Petitioner states that he was convicted of conspiracy to

possess with intent to deliver cocaine following a jury trial in the

United States District Court for the Eastern District of Pennsylvania.

On October 19, 1992, Price was sentenced to a three hundred and sixty

(360) month period of confinement and five (5) years of supervised

release.  His conviction and sentence were affirmed by the United States

Court of Appeals for the Third Circuit.  See United States v. Price, 13

F.3d 711 (3d Cir. 1994).  A petition for writ of certiorari was

subsequently denied by the United States Supreme Court.  See Price v.

United States, 514 U.S. 1023 (1995).

5

Price challenges both his federal conviction and the resulting imposition of sentence. Specifically, he contends that he is entitled to federal habeas relief pursuant to 28 U.S.C. § 2241 because: (1) the United States Sentencing Commission lacked Commissioners to apply the provisions of 28 U.S.C. 994(r) and (s), thereby rendering the sentencing guidelines applied to Petitioner unconstitutional; (2) the trial court judge allegedly had a personal and financial relationship with the United States Attorney for the Eastern District of Pennsylvania and erred by failing to either disclose the relationship or recuse himself; and (3) ineffective assistance of trial counsel for failing to advise Price of his option to plead guilty with binding stipulations. Petitioner concludes by arguing that his remedy under 28 U.S.C. § 2255 is inadequate or ineffective.

Because Petitioner's arguments fall within the ambit of § 2255, his exclusive remedy lies in a § 2255 petition filed with the court by which he was convicted and sentenced. Accordingly, the instant petition must be dismissed without consideration of the merits of Price's challenges to his sentence and conviction.

## DISCUSSION

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4[1] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. fol. § 2254

---

1.    Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

(applicable to § 2241 petitions under Rule 1(b)).  See Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

A § 2255 motion to the sentencing court is generally the appropriate vehicle for challenging a conviction or sentence.  See 28 U.S.C. § 2255;  United States v. Hayman, 342 U.S. 205, 216-17 (1952).  By the terms of § 2255, a prisoner authorized to apply for § 2255 relief is prohibited from filing a § 2241 petition for a writ of habeas corpus "if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255.

A motion under § 2255 is "inadequate or ineffective" only where it is established "that some limitation of scope or procedure would prevent a § 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."  Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam).  The burden is on the habeas petitioner to allege and demonstrate inadequacy or ineffectiveness.  See id.; see also Cagle v. Ciccone, 368 F.2d 183, 184 (8th Cir. 1966).  Furthermore, prior unsuccessful § 2255 motions filed in the sentencing court are insufficient in and of themselves to show that the motion remedy is inadequate or ineffective.   See Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).

"It is the inefficacy of the remedy, not a personal inability to utilize it, that is determinative . . . ."  Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986).  Moreover,

3

the United States Court of Appeals for the Third Circuit has held that, as to issues cognizable by the sentencing court under § 2255, a motion under § 2255 "supersedes habeas corpus and provides the exclusive remedy." Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.) (per curiam), cert. denied, 409 U.S. 1046 (1972).

Price acknowledges that he has not filed a § 2255 motion with the sentencing court regarding his instant allegations. Petitioner contends that his § 2255 remedy is inadequate or ineffective because any motion pursuant to that provision "would be referred to the trial judge who failed to disclose a financial relationship with the then United States Attorney." (Doc. 1, ¶ 13.)

Petitioner's § 2255 motion would not be "inadequate or ineffective" because of alleged judicial bias. He has a remedy available by way of a motion for recusal or disqualification of a biased judge that would make a § 2255 motion in the Eastern District of Pennsylvania an effective remedy, even if his allegations of bias are true and sufficient. See 28 U.S.C. §§ 144, 455; see also Rule 4(a) Advisory Committee's Note, 28 U.S.C. fol. § 2255 ("A movant is not without remedy if he feels [that having the trial judge hear his § 2255 motion] is unfair to him. He can file an affidavit of bias. And there is the right to appellate review if the trial judge refuses to grant his motion."). Consequently, Price's contention that his assertion that trial court bias would render his § 2255 remedy inadequate or ineffective is misplaced. Because Petitioner has a remedy under § 2255, this Court is without

$8$

jurisdiction to entertain the instant request for relief pursuant to §

2241.

Pursuant to the above discussion, the petition for writ of

habeas corpus will be dismissed. Dismissal will be entered without

prejudice to any motion Price may elect to file in the District Court for

the Eastern District of Pennsylvania under authority of § 2255 of Title

28 of the United States Code.

AND NOW, THIS _21st_ DAY OF JULY, 2000, IT IS ORDERED THAT:

1.   The habeas corpus petition is dismissed, without

prejudice.

2.   The Clerk of Court is directed to close

the case.

3.   Based on the court's conclusion herein, there

is no basis for the issuance of a certificate

of appealability.

_____

YVETTE KANE

United States District Judge

YK:jvw

9          5

<u>UNREPORTED – NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 00-2495

———

JAMES E. PRICE,

<u>Appellant</u>

v.

JAKE MENDEZ,
Warden FCI Allenwood

———

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 99-02092)
District Judge: Honorable Yvette Kane

———

Submitted under Third Circuit LAR 34.1(a)
February 13, 2001

BEFORE: SCIRICA, FUENTES, and GREENBERG, <u>Circuit Judges</u>

(Filed:  February 15, 2001)

———

MEMORANDUM OPINION OF THE COURT

———

GREENBERG, <u>Circuit Judge</u>.

    James E. Price appeals from an order entered in the United States District Court

for the Middle District of Pennsylvania on July 26, 2000, denying his application under

28 U.S.C. § 2241 seeking habeas corpus relief relating to a conviction in the United States

District Court for the Eastern District of Pennsylvania for conspiracy to distribute and to

possess cocaine and heroin with intent to distribute which resulted in a 360-month

custodial term to be followed by a five-year term of supervised release. Price filed a

direct appeal to this court from his conviction and sentence, but we affirmed in United

States v. Price, 13 F.3d 711 (3d Cir. 1994). Inasmuch as Price brought this habeas corpus

proceeding in the district of his confinement, the Middle District, the court dismissed his

petition because it believed that he could advance his claims only under 28 U.S.C. § 2255

in the district in which he had been convicted, the Eastern District. Price appeals.

Exercising plenary review, we will affirm. As we held 30 years ago, all

challenges to the validity of a conviction and sentence must be made in the district in

which the petitioner was convicted. See In re Galante, 437 F.2d 1164 (3d Cir. 1971).

Price challenges the validity of the Sentencing Guidelines, and thus the sentence imposed,

and alleges that the trial judge was biased and his trial counsel was ineffective. These

issues go to the validity of his conviction and sentence and could have been raised in a

petition under 28 U.S.C. § 2255 in the Eastern District. It is true that the gatekeeping

provisions of the Antiterrorism and Effective Death Penalty Act probably would have

barred a petition under section 2255 in the Eastern District if Price filed it at the time he

brought his section 2241 petition. Nevertheless, that circumstance is of no benefit to him

because if we held otherwise we "would effectively eviscerate" the gatekeeping

2

provisions of the AEDPA.  See In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

In reaching our result, we have not overlooked Price's argument that his section 2241 petition asserted that "the execution of the sentence violated the Fifth and Sixth Amendments to the United States Constitution because there were no [Sentencing] commissioners to apply the provisions of 28 U.S.C. §§ 994(s) and 994(v)." Br. at 4. Those sections relate to the Sentencing Commission's power with respect to recommendations to Congress regarding change of grades of offenses and modification of penalties as well as to the Commission's power to modify guidelines.  While a claim for relief relying on the absence of commissioners probably could be advanced in a section 2241 proceeding, that point now is moot as commissioners have been appointed.

The order entered July 26, 2000, will be affirmed.

———

TO THE CLERK:

Please file the foregoing memorandum opinion.

/s/Morton I. Greenberg

———————————
Circuit Judge

3

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 00-2495

JAMES E. PRICE,

<u>Appellant</u>

v.

JAKE MENDEZ,
Warden FCI Allenwood

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 99-02092)

BEFORE: SCIRICA, FUENTES, and GREENBERG, <u>Circuit</u> <u>Judges</u>

JUDGMENT

This cause came on to be heard on the record from the United States District

Court for the Middle District of Pennsylvania and was submitted under Third Circuit

LAR 34.1(a) on February 13, 2001.

On consideration whereof, it is now hereby ADJUDGED and ORDERED by this

court that the order of the district court entered July 26, 2000, be and the same is hereby

affirmed.

4

Costs are taxed against appellant.

ATTEST:



Marcia M. Waldron, Clerk

DATED:   February 15, 2001

Costs taxed in favor of appellee, Jack Mendez
as follows:

Brief.................$55.20

Certified as a true copy and issued in lieu
of a formal mandate on April 9, 2001.
Teste:

Clerk, United States Court of Appeals
for the Third Circuit

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAIME RIVERA,
      Petitioner            :

                             :

      vs.              :   CIVIL ACTION NO. 1:CV-01-0096

                             :

WARDEN, LSCI, ALLENWOOD,
      Respondent      :

FILED
HARRISBURG, PA

JUN 1 2 2001

MARY E. D'ANDREA, CLERK
PER_____
DEPUTY CLERK

M E M O R A N D U M

I.    <u>Introduction</u>

        On January 17, 2001, Petitioner Jaime Rivera ("Rivera"),
an inmate at LSCI-Allenwood, filed a petition for writ of habeas
corpus pursuant to 28 U.S.C. § 2241.  In his petition, he claimed
(1) matters relating to his sentence violated the United States
Constitution and the International Covenant on Civil and Political
Rights, U.N.T.S. No. 14668, Vol. 999 (1976) p. 171, <u>ratified</u>, 138
Cong. Rec. S-4781 (April 2, 1992) ("ICCPR") and (2) that the
Bureau of Prisons ("BOP") erred in classifying him for security
purposes.

        We are considering Petitioner's Objections to the Report
of the United States Magistrate Judge which recommends we dismiss
the petition, reasoning that <u>Apprendi v. New Jersey</u>, 530 U.S. 466,
120 S. Ct. 2348, 147 L.Ed.2d 435 (2000) cannot provide Petitioner
with relief because it does not apply retroactively to cases on
collateral review.  In his objections, Petitioner contends the

following: (1) the magistrate judge should not have considered the government's response because the response was essentially a motion to dismiss which is an inappropriate answer to a habeas petition; (2) Apprendi is retroactive because the ICCPR states that offenders shall benefit from lighter penalties imposed and because Apprendi is a jurisdictional defect; (3) section 2241 is the appropriate avenue for relief because treaty violations are not cognizable under section 2255; (4) section 2255 is inadequate or ineffective because Apprendi was not available at the time Petitioner filed prior section 2255 motions; and (5) the magistrate judge's analysis concerning Petitioner's classification is flawed because Apprendi is retroactive.  We will address in turn Petitioner's objections.

II.    Background

A. Procedural Background.

On November 22, 1991, a jury found Petitioner guilty of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), distribution of cocaine within 1,000 feet of a school in violation of 21 U.S.C. § 860, and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(2).  On June 1, 1992, the United States District Court for the Eastern District of Pennsylvania sentenced Petitioner to 292 months imprisonment.  He

2

AO 72A

filed a notice of appeal on June 10, 1992, but withdrew that appeal on September 18, 1992.

He filed, pro se, a section 2255 motion on May 6, 1993, in the Eastern District of Pennsylvania, asserting seven grounds for relief involving ineffective assistance of counsel, and sentencing and trial errors. In his supporting brief, among other arguments, he alleged his offense level was not calculated correctly because the amount of drugs for which he was responsible was not determined. (Gov. Ex. 1, at 60). An evidentiary hearing was held on November 22, 1993, and the petition was denied on May 20, 1994, without reference to Petitioner's drug quantity arguments. On May 31, 1994, Petitioner appealed, and the Third Circuit affirmed on February 15, 1995.

On January 23, 1997, he filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) in the Eastern District of Pennsylvania. It was treated as a second or successive 2255 motion and removed to the Third Circuit. It was denied on January 14, 1997.

On July 8, 1998, Rivera filed a pro se motion for resentencing under 18 U.S.C. § 3582(c)(2), in the Eastern District of Pennsylvania, based on an amendment to the United States Sentencing Guidelines. This motion was denied on February 9, 2000. He has appealed this denial to the Third Circuit.

On June 28, 1999, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District

AO 72A

Court for the Northern District of Ohio.  Among other things, he argued he was denied an adequate remedy by the Eastern District Court because it did not address the sentencing issues he had raised.  On May 1, 2000, a magistrate judge recommended that the petition be dismissed because the petition should have been brought under section 2255 and filed in the Eastern District of Pennsylvania.  On August 3, 2000, the district court adopted the magistrate's report and dismissed the petition.  Rivera subsequently filed the instant habeas petition on January 17, 2001.

### B. The ICCPR.

In his petition, Rivera argues that his conviction and sentence violate Article 15 of the ICCPR which provides in pertinent part:

> If, subsequent to the commission of the offence, provision is made by law for the imposition of a lighter penalty, the offender shall benefit thereby.

ICCPR art. 15(1).  Also, in his objections to the magistrate report, he argues that section 2255 is inadequate or ineffective because he cannot pursue ICCPR claims under section 2255.

The ICCPR operates to protect human rights in the international arena.  Its purpose is to give effect to the United Nations Universal Declaration of Human Rights and the United Nations Charter.  138 Cong. Rec. S4781-01 (daily ed. April 2, 1992) (statement of Sen. Pell).  It was ratified by the United

4

AO 72A

States Senate in 1992 with certain reservations, declarations, and understandings.  See id.

        C. BOP's Classification of Petitioner.

        Pursuant to 18 U.S.C. § 3621(b), the BOP has the responsibility for designating the place of a prisoner's confinement.  Section 3621(b) provides:

>        The Bureau of Prisons shall designate the
>        place of the prisoner's imprisonment.  The
>        Bureau may designate any available penal or
>        correctional facility that meets minimum
>        standards of health and habitability
>        established by the Bureau, whether maintained
>        by the Federal Government or otherwise and
>        whether within or without the judicial
>        district in which the person was convicted,
>        that the Bureau determines to be appropriate
>        and suitable, considering—
>
>        (1) the resources of the facility
>        contemplated;
>
>        (2) the nature and circumstances of the
>        offense;
>
>        (3) the history and characteristics of the
>        prisoner;
>
>        (4) any statement by the court that imposed
>        the sentence—
>
>            (A) concerning the purpose for which the
>        sentence to imprisonment was determined to be
>        warranted; or
>
>            (B) recommending a type of penal or
>        correctional facility as appropriate; and
>
>        (5) any pertinent policy statement issued by
>        the Sentencing Commission pursuant to section
>        994(a)(2) of title 28.

18 U.S.C. § 3621(b) (West 2000).

5

The BOP uses its own criteria in its classification of prisoners, nine of which are listed in the BOP's Security Designation and Custody Classification Manual. The factors indicate when increased security is required for a prisoner. Rivera was assigned the factor of "greatest severity offense" because the BOP determined that he was an organizer of a drug unit and his offense involved cocaine amounts greater than or equal to 10 kilograms. (Gov't Answer, at 14).

On April 11, 1995, Petitioner filed an inmate request seeking a change in his classification, which was denied. He pursued subsequent administrative remedies, all of which were denied. Petitioner asserts the denials were based on inaccurate information in the presentence report: that he managed seven people in a drug ring and that he was responsible for 15-50 kilograms of cocaine.

III.  Discussion

A. Browder and the Government's
Response to the Petition.

Petitioner asserts that the magistrate judge should have recommended that we strike the government's response to the petition because "it was the functional equivalent of the motion to dismiss denounced in Browder." (Pet'r Objections, at 1). The government replies that Petitioner has misconstrued Browder and

6

AO 72A

further argues that, as a matter of law, its response is appropriate.

In <u>Browder</u>, the United States Supreme Court decided that a court of appeals lacked jurisdiction over a district court order where the appeal was untimely. <u>Browder v. Director, Department of Corrections</u>, 434 U.S. 257, 271-72, 98 S. Ct. 556, 565, 54 L.Ed.2d 521, 536 (1978). Petitioner relies on a footnote in the Court's opinion which states that a motion to dismiss is an inappropriate response to a habeas petition. <u>See id.</u> at 269 n.14, 98 S. Ct. at 563 n.14, 54 L.Ed.2d at 534 n.14. We note that Petitioner made this same argument in his section 2241 habeas petition before the United States District Court for the Northern District of Ohio. (Respondent's Ex. 6, at 6). Adopting the recommendation of a magistrate judge, that court did not strike the government's response. <u>See</u> Gov't Ex. 7.

The Federal Rules, applicable to section 2254 and section 2241, grant us broad discretion in managing habeas cases. <u>Ukawabutu v. Morton</u>, 997 F.Supp. 605, 608 & n.2 (D.N.J. 1998) (quoting <u>Lonchar v. Thomas</u>, 517 U.S. 314, 325, 116 S. Ct. 1293, 1299, 134 L.Ed.2d 440, 452 (1996)). Given the government's meritorious claims, like the Northern District of Ohio, in exercising our discretion we will not strike the government's response.

7

## B. Jurisdiction

Generally, challenges to a prisoner's sentence should be brought in a section 2255 motion, whereas challenges to conditions of confinement should be raised in a section 2241 habeas petition. United States v. Donahue, No. 00-2454, 2001 WL 474417, at *1 (E.D. Pa. May 1, 2001); Snead v. Warden, F.C.I. Allenwood, 110 F.Supp.2d 350, 352 (M.D. Pa. 2000). In the petition, Petitioner asserts that his sentence and conviction were in violation of Apprendi. Because he is attacking his sentence, the proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted. See United States v. Hatcher, 76 F.Supp.2d 604 (E.D. Pa. 1999).

However, Petitioner has previously filed two section 2255 motions in the Eastern District of Pennsylvania: one on May 6, 1993, and the other on January 23, 1997, (initially filed as a motion pursuant to Federal Rule of Civil Procedure 60(b), but treated as a second section 2255 motion). Prior to the 1996 AEDPA amendments, to bring a second or successive section 2255 motion, a petitioner had to meet a cause and prejudice standard. The 1996 amendments changed this requirement. Now, second or successive section 2255 motions must be reviewed and certified by a circuit court. In relevant part, section 2255 authorizes the court of appeals to permit a second or successive 2255 motion if the applicant invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,

8

that was previously unavailable." 28 U.S.C. § 2255 (West Supp. 2000).

Petitioner's case, however, is unique. He filed his first section 2255 motion prior to the amendments, filed a second motion after the amendments, and now, if he desires to pursue his Apprendi claims, must file a third motion. The Third Circuit, in United States v. Roberson, 194 F.3d 408 (3d Cir. 1999), has addressed this situation. It held that applying AEDPA's gatekeeping provisions were not impermissibly retroactive as applied to Roberson, a petitioner who was in a similar procedural position. Roberson, 194 F.3d at 419. However, the court noted that the question is "whether the application of the gatekeeping provisions would produce a genuine retroactive effect in the particular case at hand, not whether it would generally do so in a broader class of cases into which the case at hand falls." Id. at 413. Rivera may very well meet the cause and prejudice standard.[1] If not, application of the gatekeeping provisions of the AEDPA would not operate impermissibly and retroactively against him. A determination whether Apprendi applies retroactively to cases on collateral review is a determination to be made by the Third

---

[1]The Third Circuit found cause when Roberson omitted claims from a prior section 2255 motion because the legal distinction at issue in that case did not exist at the time he filed his first section 2255 motion and because "Roberson had no duty to anticipate changes in the law." Roberson, 194 F.3d at 414. Likewise, Petitioner may be able to establish cause for omitting Apprendi claims in his prior section 2255 motions. He must then be able to prove that he was prejudiced. Id. at 410.

9

Circuit, not this court.  <u>See</u> 28 U.S.C. § 2244(b)(3) (West Supp. 2000); <u>see also</u>, <u>Osayande v. United States</u>, No. 3-01-CV-0267-G, 2001 WL 209466, at *1 n.1 (N.D. Tex. Feb. 21, 2001).  In either event, Petitioner's <u>Apprendi</u> claims are not properly before us.

Perhaps as a way of circumventing these procedural pitfalls, Petitioner has challenged his sentence by way of a habeas petition under section 2241.  Petitioner can only challenge his sentence under section 2241 if the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255 (West Supp. 2000); <u>see also</u> <u>United States v. Brooks</u>, 230 F.3d 643, 647 (3d Cir. 2000).

C. The Inadequacy or Ineffectiveness of a
Successive Section 2255 Motion.

Petitioner has the burden to prove that section 2255 would be an inadequate or ineffective remedy.  <u>Reyes-Requena v. United States</u>, 243 F.3d 893, 901 (5th Cir. 2001) (citing <u>Pack v. Yusuff</u>, 218 F.3d 448, 452 (5th Cir. 2000)).  In his exceptions to the magistrate report, he claims that section 2255 would be inadequate or ineffective because (1) treaty violations are only cognizable under section 2241 and (2) <u>Apprendi</u> was not decided at the time that he filed his prior section 2255 motions.

The Third Circuit has stated that a section 2241 petition may proceed only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and

10

AO 72A
(Rev 8/82)

adjudication of his claim of wrongful detention.'" Brooks, 230

F.3d at 648 (quoting United States ex rel. Leguillou v. Davis, 212

F.2d 681, 684 (3d Cir. 1954)). "It is the inefficacy of the

remedy, *not a personal inability to utilize it*, that is

determinative . . . ." Garris v. Lindsay, 794 F.2d 722, 727 (D.C.

Cir. 1986) (emphasis added). Section 2241 should not be used as a

way of evading the gatekeeping provisions of section 2255. *In re*

Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

### 1. Petitioner's ICCPR Claim.

Petitioner argues that section 2255 would be an

inadequate or ineffective remedy because it does not include

treaties in its coverage and that treaty violations can only be

brought under section 2241.[2] He further maintains that the ICCPR

is self-executing, and therefore a means for enforcing his rights.

The government makes no argument concerning the enforceability of

the ICCPR in the courts.

We need not reach Petitioner's argument (that treaty

violations can only be pursued under section 2241) because the

ICCPR is not available to enforce his rights. During

ratification, the Senate declared that Articles 1 through 27 of

the ICCPR are not self-executing. 138 Cong. Rec. S4783-84 (daily

---

[2]The scope of section 2241 includes violations of "the
Constitution or laws or *treaties of the United States*[,]" 28
U.S.C. § 2241 (West 1994) (emphasis added), whereas the scope of
section 2255 includes violations "of the Constitution or laws of
the United States." 28 U.S.C. § 2255 (West 1994).

11

ed. April 2, 1992) (statement of the presiding officer).  Most

courts have held that the ICCPR is not self-executing.[3]  Because

the treaty is not self-executing, it is not enforceable in the

courts and Petitioner cannot rely on it.[4]  Moreover, the Senate

---

[3]See, e.g., Beazley v. Johnson, 242 F.3d 248, 267 (5th Cir. 2001) (considering habeas petition and recognizing the Senate, in ratifying the ICCPR, stated that Articles 1 through 27 are not self-executing); Benas v. Baca, No. 00-11507, 2001 WL 485168, at *5 (C.D. Cal. Apr. 23, 2001) (finding Plaintiff had no cause of action because the ICCPR is not self-executing and Congress had not passed implementing legislation); Cancel v. Goord, No. 00-CIV-2042, 2001 WL 303713, at *9 (S.D.N.Y. Mar. 29, 2001) (noting courts have "uniformly" held that the ICCPR is not self-executing and does not provide a private cause of action); Ralk v. Lincoln County, 81 F.Supp.2d 1372, 1380 (S.D. Ga. 2000) (concluding no private right of action exists under the ICCPR consistent with the decisions of other courts); Heinrich ex rel. Heinrich v. Sweet, 49 F.Supp.2d 27, 43 (D. Mass. 1999) (refusing to recognize cause of action because the Senate and courts have decided that the ICCPR is not self-executing); Hawkins v. Comparet-Cassani, 33 F.Supp.2d 1244, 1257 (C.D. Cal. 1999) (holding that the ICCPR is not self-executing), rev'd on other grounds and remanded, --F.3d--, 2001 WL 575459 (9th Cir. May 30, 2001); Jama v. INS, 22 F.Supp.2d 353, 364-65 (D.N.J. 1998) (finding that ICCPR did not provide basis for waiver of sovereign immunity when the Senate declared the ICCPR was not self-executing); White v. Paulsen, 997 F.Supp. 1380, 1385-87 (E.D. Wash. 1998) (reasoning from the language of the ICCPR and the Senate's declaration that the ICCPR is not self-executing); In re the Extradition of John Cheung, 968 F.Supp. 791, 803 n.17 (D. Conn. 1997) (noting even if factual grounds existed to prevent Plaintiff's extradition, the ICCPR would not act to enforce Plaintiff's rights because it is not self-executing).  But see Maria v. McElroy, 68 F.Supp.2d 206, 231-34 (E.D.N.Y. 1999) (stating that although the ICCPR is not self-executing, it is the law of the land and it obligates the United States government).

[4]A treaty ratified by the Senate can only be enforced in the courts as domestic law if it is self-executing or if implementing legislation has been passed.  Mannington Mills, Inc. v. Congoleum Corp., 595 F.2d 1287, 1298 (3d Cir. 1979) (citing Diggs v. Richardson, 555 F.2d 848 (D.C. Cir. 1976)); Jama v. INS, 22 F.Supp.2d 353, 361 (D.N.J. 1998) (citing Dreyfus v. Von Finck, 534 F.2d 24 (2d Cir. 1976)).  Not only is the ICCPR not

AO 72A

stated that the United States would not follow the third clause of article 15(1), the very clause that Petitioner relies on. <u>Id.</u> at S4783.

### 2. Apprendi's Unavailability for a Section 2255 Motion.

Petitioner next claims that section 2255 would be an inadequate or ineffective remedy because <u>Apprendi</u> was not decided at the time he filed his first section 2255 motion, relying on <u>Jiminian v. Nash</u>, 245 F.3d 144 (2d Cir. 2001). In reply, the government argues that section 2255 is not inadequate or ineffective because Petitioner could have brought an "<u>Apprendi</u>-like" claim on appeal or in a prior section 2255 motion.

We first note that the <u>Jiminian</u> court did not hold that section 2255 is an inadequate or ineffective remedy if the claim was unavailable at the time a prior section 2255 motion was made, as Petitioner contends. It held that if a claim was available on direct appeal or in a prior section 2255 motion, then the 2255 remedy is not inadequate or ineffective. <u>Jiminian</u>, 245 F.3d at 147-48. That court did not specifically address the circumstances before us. Rather, the Third Circuit's holding in <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997) is controlling.

In <u>Dorsainvil</u>, the petitioner was seeking a certification from the Third Circuit to file a second section 2255

---

self-executing, but also Congress has not passed implementing legislation. <u>Jama</u>, 22 F.Supp.2d at 364.

13

motion, because subsequent to the denial of his initial 2255
motion, the United States Supreme Court had decided <u>Bailey v.
United States</u>, 516 U.S. 137 (1995). <u>Bailey</u> might have rendered
Dorsainvil's weapons conviction under 21 U.S.C. § 924(c)(1)
invalid because it decriminalized certain conduct the Third
Circuit had previously ruled was within the ambit of section
924(c)(1). The Third Circuit denied a certificate because <u>Bailey</u>
did not satisfy the criteria for allowing a second 2255 motion: it
was not based on newly discovered evidence nor did it establish a
new rule of constitutional law; it merely corrected an erroneous
statutory interpretation by the lower federal courts. <u>Dorsainvil</u>,
119 F.3d at 246-48.

However, because <u>Bailey</u> had not been decided at the time
Dorsainvil's initial section 2255 motion had been ruled on, and
because that decision presented a change in substantive law that
may have negated the crime for which Dorsainvil stood convicted,
the Third Circuit held that the section 2255 motion was inadequate
and ineffective to test the legality of Dorsainvil's detention.
The court stressed that its holding is a narrow one and limited to
the "unusual position-that of a prisoner who had no earlier
opportunity to challenge his conviction for a crime that an
intervening change in substantive law may negate." <u>Id.</u> at 251,
252-53.

It was crucial to the Third Circuit's decision in
<u>Dorsainvil</u> that a refusal to allow a 2241 petition might result in

14

the imprisonment of a person who had not committed a crime.   That

is not the case with Petitioner.   See Abdullah v. United States,

Nos. 01-862, 95-317, 2001 WL 283159, at *5 (E.D. Pa. Mar. 20,

2001).   He is not asserting that the Supreme Court's holding in

Apprendi negates his criminal conduct, rather it only shifts the

fact-finding duty from the court to the jury and changes the

burden of proof from a preponderance of the evidence standard to a

reasonable doubt standard.

          Moreover, subsequent to the Dorsainvil decision, the

Third Circuit noted that a common theme of those courts holding

that section 2255 is inadequate or ineffective, is that "the

petitioner would have *no other means* of having his or her claim

heard."   United States v. Brooks, 230 F.3d 643, 648 (3d Cir.

2000).   We are unable to say that Petitioner has no other means of

relief: as discussed previously, Petitioner's claims may be heard

in a successive section 2255 motion, if he meets the applicable

standards.

                    C. BOP's Classification Scheme.

          Finally, Petitioner argued that his classification by

the BOP is inconsistent with the ICCPR, the Due Process Clause,

and the Sixth Amendment right to a jury trial because the BOP

relied on facts in the presentence report (drug quantities and

Petitioner's role in the crimes) which were not charged or proven

to a jury in violation of Apprendi.   The government responded that

                              15

the BOP has discretion in determining classifications, relying on 18 U.S.C. § 3621(b), and that <u>Apprendi</u> does not control this issue.

The magistrate judge determined that because <u>Apprendi</u> cannot be retroactively applied to cases on collateral review, that Petitioner's argument has no merit. In Petitioner's objections to the magistrate report, he states that the report is flawed because the ICCPR makes <u>Apprendi</u> retroactive, and therefore the magistrate judge's analysis of Petitioner's prison classification is flawed. The government does not respond to this objection.

We have already dispensed with claims under the ICCPR, and we can also dispense with the constitutional claims. The Supreme Court has held that an inmate has no protected liberty interest in his classification. <u>Martinez-Diaz v. Olsen</u>, 110 F.Supp.2d 295, 300 n.4 (D.N.J. 2000) (citing <u>Moody v. Daggett</u>, 429 U.S. 78, 88 n.9, 97 S. Ct. 274, 502 L.Ed.2d 236 (1976)). An inmate's classification is determined at the discretion of the Bureau of Prisons. <u>Id.</u>

IV.   <u>Conclusion</u>

Petitioner has not met his burden of showing that section 2255 would be an inadequate or ineffective remedy for his claims based on <u>Apprendi</u>. He must therefore seek relief through the proper channels for successive section 2255 motions. His

16

claim concerning his classification for confinement has no merit.

We will issue an appropriate order.

William W. Caldwell
United States District Judge

Date:  June 12, 2001

17

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAIME RIVERA,
     Petitioner           :

                                 :

     vs.                 :     CIVIL ACTION NO. 1:CV-01-0096

                                 :

WARDEN, LSCI, ALLENWOOD,
     Respondent          :

FILED
HARRISBURG, PA

JUN 1 2 2001

MARY E. D'ANDREA, CLERK
PER _____ DEPUTY CLERK

O R D E R

     AND NOW, this 12th day of June, 2001, upon consideration
of the Report of the United States Magistrate Judge, dated April
19, 2001, Petitioner's objections thereto, and an independent
review of the Record, it is Ordered that

     1.   The petition under 28 U.S.C. § 2241 is
dismissed.

     2.   The Clerk of Court shall close this
file.

_____
William W. Caldwell
United States District Judge

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES E. PRICE, | : | |
| Petitioner | : | No. 1:CV-01-1150 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| WARDEN, LSCI-ALLENWOOD, | : | |
| Respondent | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 3rd day of August, 2001, she served a copy of the attached

**RESPONDENT'S RESPONSE TO**
**THE PETITION FOR WRIT OF HABEAS CORPUS**

by placing said copy in a postpaid envelope addressed to the person(s) hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

Addressee:

Cheryl Sturm, Esquire
408 Ring Road
Chadds Ford, PA 19317

KATE L. MERSHIMER
Assistant U.S. Attorney