# ORIGINAL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : C.A. NO. 1:CV01-1150
ex rel. JAMES E. PRICE,
Registration No. 40310-066 : [Kane, J.]
    Petitioner

    :

**FILED**
**HARRISBURG, PA**

AUG 14 2001

MARY E. D'ANDREA, CLERK
Per _____
    Deputy Clerk

    V. :

    :

WARDEN, FCI ALLENWOOD, :
    Respondent :

## MOTION TO STRIKE, CROSS-MOTION FOR
## DEFAULT JUDGMENT
## AND TRAVERSE

    **JAMES E. PRICE** submits the following **MOTION TO STRIKE, CROSS-MOTION FOR DEFAULT JUDGMENT, AND TRAVERSE** in response to the Respondent's "Response" to his Section 2241 habeas corpus petition.

## I. THE COURT SHOULD STRIKE THE "RESPONSE" BECAUSE IT IS THE FUNCTIONAL EQUIVALENT OF A MOTION TO DISMISS, A PLEADING THAT IS NOT RECOGNIZED IN HABEAS CORPUS PRACTICE

    Respondents' pleading, captioned "Response," is the functional equivalent of a motion to dismiss, which is not an acceptable pleading in habeas corpus practice.

    In **Browder vs. Department of Corrections of Illinois**, 434 U.S. 257, 269, n. 14, 98 S.Ct. 556, 563, n. 14, 54 L.Ed.2d 521 (1978), the Supreme Court stated:

> The custodian's response to a habeas corpus petition
> is not like a motion to dismiss. The procedure for
> responding to the application for a writ of habeas corpus,
> unlike the procedure for seeking a correction of a judgment,
> is set forth in the habeas corpus statutes and, under rule
> 81(a)(2), takes precedence over the Federal Rules.

2

In **Chavez vs. Morgan**, 932 F.Supp. 1152 (EDWI 1996), the Court stated that the correct response to a habeas petition is an answer to each allegation in the petition, and copies of the documents necessary for the district court to make an informed judgment. See also **Williams vs. United States**, 2000 WL 134717 *1 (NDIll 2000).

In **United States vs. Ukawabutu**, 997 F.Supp. 605 (DNJ 1998), the district court judge stated that the proper response to a habeas corpus petition is an answer and the documents required by statute. The judge reserved the right to request a motion to dismiss if the situation called for it.[1] In this case, however, the district court did not ask the Respondent to file a motion to dismiss.

In this case, the Respondent has not attached the indictment, transcript of jury instructions or judgment in a criminal case. Instead, the Respondent has attached non-precedential pleadings and decisions in cases that have no relationship to the instant 2241 habeas corpus petition.

In **INS vs. St. Cyr**, 121 S.Ct. 2271, 2279 (2001), the United States Supreme Court stated, "at the absolute minimum, the Suspension Clause protects the writ as it existed in 1789." Loosely translated, this general statement means that no matter what the Congress says or does, the district court has subject matter jurisdiction to entertain an allegation that the custody violates a violation of a treaty, or that the custody was imposed by a court lacking jurisdiction. St Cyr also points out that res judicata is a concept that does not exist in habeas corpus.

---

[1] Section 2241 states what the government must file, and what it must attach.

Accordingly, even the prior 2241 filed by Price had some relationship to the outcome of this case--and it did not--Price has the right to file a second 2241 based on Apprendi because he would have had the same right in 1789.

The Court should look behind the label on the pleading, treat it as a motion to dismiss, strike the pleading, and grant a default judgment against Respondent and in favor of the Petitioner.

## II. THE RESPONDENT DOES NOT DICTATE THE "QUESTION PRESENTED"

In **Bell vs. Hood**, 327 U.S. 678, 680, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946), the United States Supreme Court stated, "the party who brings a suit is master to decide what law he will rely upon." Accordingly, the notion that the Respondent has the right to dictate the "question presented" is without legal support.

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION

In **Bell vs. Hood**, 327 U.S. 678, 680, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946), the United States Supreme Court stated, "Jurisdiction, therefore, is not defeated as respondents seem to contend, by the possibility that the averments might fail to state a cause of action..." The Respondents, in order to prevail on a theory that the court lacks jurisdiction, must establish that "the cause of action is so patently without merit as to justify...dismissal for want of jurisdiction. Id. at 327 U.S. 682, 66 S.Ct. 776.

Turning to this case, jurisdiction of this court is based upon 28 U.S.C. Section 2241, which reads, in pertinent part, as follows:

**2241. Power to grant writ**

(a) Writs of habeas corpus may be granted by the...district courts...

4

(c) The writ of habeas corpus shall not extend to a prisoner unless...(3) He is in custody in violation of the Constitution or laws or treaties of the United States...

In **Johnson vs. Avery**, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969), the Supreme Court wrote: "The Court has steadfastly insisted that 'there is no higher duty than to maintain it [the Writ] unimpaired.'"

In **Bowen vs. Johnston**, 306 U.S. 19, 26, 59 S.Ct. 442, 446, 83 L.Ed. 455 (1939), the Supreme Court said, "It must never be forgotten that the writ of habeas corpus is the precious safeguard of personal liberty and that there is no higher duty than to maintain it unimpaired."

More recently, in **INS vs. St. Cyr**, 121 S.Ct. 2271, 2279 (2001), the United States Supreme Court stated, "at the absolute minimum, the Suspension Clause protects the writ as it existed in 1789." Loosely translated, this general statement means that no matter what the Congress says or does, the district court has subject matter jurisdiction to entertain an allegation that the custody violates a violation of a treaty, or that the custody was imposed by a court lacking jurisdiction.

In **Garza vs. Lapin**, 253 F3d 918 (7th Cir. 2001), the issue was whether a 2241 habeas could be used to litigate an allegation that the custody violated the Charter of the Organization of American States would fall within the "savings clause."[2] The Court held that the allegation fell within the savings clause, and the court had jurisdiction.

---

[2] 28 U.S.C. 2255 reads, in pertinent part, as follows:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without

Here, the 2241 habeas corpus petition alleged that the remedy afforded by 2255 motion was (and remains) "inadequate or ineffective" to test the legality of the detention. The 2241 habeas listed a series of reasons why the 2255 motion was inadequate or ineffective. First, the 2241 petition alleged the custody was in violation of a treaty of the United States, an issue that it not cognizable in a 2255 motion but is cognizable in a 2241 habeas corpus petition. Second, the 2241 habeas alleged that intervening changes in the

---

jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court, which imposed the sentence to vacate, set aside, or correct the sentence.

Unless the motion, and the files, and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate...

An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. [highlighted portion called the "savings clause"]**

reach of criminal statutes occurred after expiration of the deadline for filing the 2255

motion. Third, the 2241 habeas alleged lack of jurisdiction to impose a sentence as long

as the sentence imposed.

## IV. RESPONDENT'S "RESPONSE" DOES NOT MENTION UNITED STATES VS. THOMAS, 248 F3d 76 (2d Cir. 2001) WHEREIN THE SECOND CIRCUIT AGREED TO DECIDE EN BANC WHETHER AN APPRENDI ERROR IS AN UNWAIVABLE JURISDICTIONAL DEFECT

In **United States vs. Thomas**, 248 F3d 76 (2d Cir. 2001), the Second Circuit

recognized that an **Apprendi** type error might be a jurisdictional defect. The Second

Circuit asked the Solicitor General to brief the **Apprendi** retroactivity issue. The Second

Circuit asked the Solicitor General to determine whether a violation of **Apprendi** would

constitute a jurisdictional defect in which case the defect would be unwaivable. **United

States vs. Tran**, 234 F3d 798 (2d Cir. 2000), **Freytag vs. Commissioner of Internal

Revenue**, 501 U.S. 868, 111 S.Ct. 2631, 115 L.Ed.2d 764 (1991).

## V. THE "RESPONSE" DOES NOT DISCUSS THE ST. CYR CASE WHEREIN THE UNITED STATES SUPREME COURT HELD THE SUSPENSION CLAUSE PROTECTS THE WRIT AS IT EXISTED IN 1789

In **INS vs. St Cyr**, 2001 WL 703922 *6(2001), the Supreme Court stated that the

Suspension Clause protects the writ as it existed in 1789. (Article I, Section 9, Cl. 2)["At

the absolute minimum, the Suspension Clause protects the writ as it existed in 1789"].

In **Bowen vs. Johnston**, 306 U.S. 19, 59 S.Ct. 442, 83 L.Ed. 855 (1939), the

Supreme Court said that the original purpose of habeas corpus was to examine court's

jurisdiction and correct defects.

History and a substantial line of authority supports Mr. Price's position that he has the right to seek habeas corpus to correct what appears to be a jurisdictional defect in the sentence and possibly even the conviction.

In **United States vs. Flowal**, 234 F3d 932, 938 (6th Cir. 2000), the Sixth Circuit said that each penalty provision of 841(b) is to be treated as a separate crime, with different elements, including drug identity and drug weight, which must be proved beyond a reasonable doubt when sentencing a defendant in excess of the default statutory maximum set forth in 21 U.S.C. 841(b)(1)(C) for all drugs except marijuana, or in 841(b)(1)(D) for marijuana.

In this case, the Government did not plead and prove drug identity or drug quantity. This deficiency has two consequences. One, Mr. Price is "actually innocent" of a violation of 21 U.S.C. (b)(1)(A), and he should be discharged from custody. In the alternative, Mr. Price is innocent of a violation of (b)(1)(A), but might be legitimately convicted of a violation of 841(b)(1)(C), which appears to be a lesser included offense. In either case, the sentence imposed was higher than the sentence the district court had authority to impose. An illegal sentence is an unwaivable jurisdictional defect that the court is required to correct sua sponte. **Freytag, Bowen, Tran, supra**

## VI. JONES/APPRENDI/JONES, TAKEN COLLECTIVELY, IS NOT A NEW RULE BUT INSTEAD IS THE FIRST INTERPRETATION OF THE ELEMENTS OF 21 U.S.C. 841

**Tyler vs. Cain**, 2001 WL 720703 (2001) held that the phrase "a new rule of constitutional law made retroactive to cases on collateral review" means the Supreme Court has declared the rule to be retroactive.

**Tyler vs. Cain** has absolutely nothing to do with the analysis of the **Jones/Apprendi/Jones. Tyler vs. Cain** applies only to the retroactivity of new rules of criminal procedure.

This case does not involve a new rule of criminal procedure, but rather the first interpretation of 21 U.S.C. 841. The case bears a close resemblance to lines of cases interpreting the coverage of various criminal statutes.

For example, in **United States vs. Callanan**, 881 F2d 229, 231 fn 1 (6th Cir. 1989), the Sixth Circuit held **McNally vs. United States**, 483 U.S. 350, 107 S.Ct. 2875, 97 L.Ed.2d 292 (1987) retroactive as the first interpretation of the mail fraud statute.

The court wrote:

> The case at bar involves not a new rule of criminal procedure
> but a new interpretation of substantive criminal law. In this,
> the present case resembles **Davis vs. United States**, 417 U.S. 333, 341-42,
> 94 S.Ct. 2298, 2302-03, 41 L.Ed.2d 109 (1974), a decision indicating
> that where the intervening change of law is such that the defendant was
> punished "for an act that the law does not make criminal" the new rule of
> law must be applied retroactively in post conviction proceedings.

In a footnote, the court wrote,"**Teague vs. Lane**, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) addresses only the retroactivity of 'new constitutional rules of criminal procedure' and thus does not control our decision here."

Again, in **Lanier vs. United States**, 220 F3d 833, 837 (7th Cir. 2000), the Seventh Circuit held that **Richardson vs. United States**, 526 U.S. 813, 119 S.Ct. 1707, 143 L.Ed.2d 985 (1999), [Supreme Court held that the district court judge must give an instruction advising that 21 U.S.C. 848 requires the jury be unanimous with respect the three predicate felony violations forming the series of felony violations] is retroactive to cases on collateral attack as the first interpretation of a criminal law.

Finally, in **Reyes-Requena vs. United States**, 243 F3d 893, 905 (5th Cir. 2001) the Court stated that **Jones vs. United States**, 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000)[the Jones arson case] is retroactive as a first interpretation of substantive law, citing **United States vs. Ryan**, 227 F3d 1058, 1062-63 (8th Cir. 2000)[also an arson case].

Similarly, **Jones/Apprendi/Jones,**[3] taken collectively, is the first interpretation of the drug statutes.

**Jones/Apprendi/Jones** collectively are retroactive as a first interpretation of 21 U.S.C. 841(b)(1)(A) just as **Richardson** was retroactive as a first interpretation of the elements of 21 U.S.C. 848, or **Bailey** was retroactive as the first interpretation of 18 U.S.C. 924(c), or **McNally** was retroactive as the first interpretation of 18 U.S.C. 1341.

At the risk of flogging the point, retroactivity analysis in **Teague** used in **Tyler vs. Cain** applies to new rules of criminal procedure only, not to the first interpretation of a criminal statute.

This case involves a change in substantive criminal law, not a new rule of criminal procedure. The application of **Apprendi** (through the Jones GVR) involves the first interpretation of what constitutes the element of 21 U.S.C. 841(b)(1)(A).

---

[3]    **Jones vs. United States**, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) held that that all elements of a criminal offense must be stated in the indictment, submitted to a jury and proven beyond a reasonable doubt. **Apprendi vs. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) held "Other than a fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." **Apprendi** at 120 S.Ct. 2362-63. **United States vs. Jones**, 235 F3d 1231 (10th Cir. 2000), which was reconsidered after the United States Supreme Court granted certiorari, vacated the sentence, and remanded in light of **Apprendi** held that the principles of **Apprendi** apply to cases prosecuted under 21 U.S.C. 841(a) and 841(b).

As such, the **Apprendi** (through the Jones GVR) deals with the reach of a criminal statute. Historically, such decisions are automatically retroactive to collateral review. **Rivers vs. Roadway Express**, 511 U.S. 298, 114 S.Ct. 1510, 1519, 128 L.Ed.2d 274 (1994). ["a judicial construction of a statute is an authoritative statement of what the statute meant before as well as after the decision of the case giving rise to that construction."], **Davis vs. United States**, 417 U.S. 333, 341-42, 94 S.Ct. 2298, 2302-03, 41 L.Ed.2d 109 (1974)[Held that in a section 2255 motion the court must hear the merits of a prisoner's claim based upon a circuit's decision interpreting the substantive reach of a criminal statute even though the case was decided after the conviction became final]. **United States vs. McKie**, 73 F3d 1149 (DC Cir. 1996)[collecting cases]. **Fiore vs. White**, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001).[4]

**Jones/Apprendi/Jones** have had significant ramifications for drug prosecutions under 21 U.S.C. 841(a) and sentencing under 841(b), which describes different offenses dependent upon drug quantity.

It is because 841(b)(1)(A) is a different crime from (b)(1)(B) which is a different crime from (b)(1)(C) that the indictment must identify the kind and quantity of drugs for which it seeks to hold the defendant responsible. This follows from the fact that drug quantity under 841(b) is an element of the offense and not a sentencing factor. **United States vs. Nordby**, 225 F3d 1053, 1056 (9th Cir. 2000).

---

[4] **Apprendi vs. New Jersey**, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) in conjunction with **Carliss Jones** represents a first interpretation of what constitutes an element of 21 U.S.C. 841(b). Accordingly, like **Lanier**, which interpreted the elements of CCE, Apprendi also is retroactive to the date of enactment as the first interpretation of substantive law.

In **United States vs. Flowal**, 234 F3d 932, 938 (6th Cir. 2000), the Sixth Circuit said that each penalty provision of 841(b) is to be treated as a separate crime, with different elements, including drug identity and drug weight, which must be proved beyond a reasonable doubt when sentencing a defendant in excess of the default statutory maximum set forth in 21 U.S.C. 841(b)(1)(C) for all drugs except marijuana, or in 841(b)(1)(D) for marijuana.

Most courts appear to endorse this approach. **United States vs. Doggett**, 230 F3d 160 (5th Cir. 2000), **United States vs. Angle**, 230 F3d 113 (4th Cir. 2000).

On the facts of this case, **Jones/Apprendi/Jones** line is retroactive as the first interpretation of 21 U.S.C. 841, an interpretation that makes Price actually innocent of a violation of 841(b)(1)(A).

See also, **Fiore vs. White**, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) holding that the first interpretation of a criminal statute is retroactive to the date of enactment. In that case, the petitioner was convicted in a state court of operating a hazardous waste facility without a permit. After Fiore's conviction became final, the PA Supreme Court interpreted the statute for the first time and made it clear that Fiore had a permit so his conduct was not within the scope of the statute. The PA courts refused to grant collateral relief. The Court held it was error not to grant the relief sought because the PA Supreme Court's interpretation of the statute was retroactive to the date of enactment.

Assuming **Jones/Apprendi/Jones** is the first interpretation of the federal drug laws, then 28 U.S.C. 2241 is the appropriate procedural vehicle because Price has no other vehicle available. He cannot file for leave to file a second 2255 motion because he

never filed a first 2255 motion. Even if he could file for leave, he could not prevail because **Jones/Apprendi/Jones** is not a new constitutional rule.

With respect to the merits, there is no question that Price's sentence for cocaine places him within even the most narrow view of the **Jones/Apprendi/Jones** under which the maximum sentence for the cocaine offense is 20 years.

## VII. THE 2255 REMEDY IS "INADEQUATE OR INEFFECTIVE" TO TEST WHETHER THE CUSTODY VIOLATES A TREATY OF THE UNITED STATES BECAUSE 2241 IS THE LEGISLATION WITHOUT WHICH THE PRISONER WOULD HAVE NO PERSONAL RIGHT TO ENFORCE THE TREATY

In **INS vs. St Cyr**, 2001 WL 703922 *4 (2001) the Supreme Court had a few interesting things to say about the writ of habeas corpus. First, the Suspension Clause[5] protects the writ of habeas corpus as it existed in 1789. ["[A]t minimum, the Suspension Clause protects the writ as it existed in 1789." Id. at *6. Second, habeas corpus jurisdiction cannot be repealed by implication. Id. at *4 The Court said, "Congress must articulate specific and unambiguous statutory directives to effect a repeal." *4

28 U.S.C. 2255 reads, in pertinent part, as follows:

> A prisoner in custody under sentence of a court established
> by Act of Congress claiming the right to be released upon the
> ground that the sentence was imposed in violation of the Constitution
> or laws of the United States, or that the court was without
> jurisdiction to impose such sentence, or that the sentence was
> in excess of the maximum authorized by law, or is otherwise
> subject to collateral attack, may move the court, which imposed
> the sentence to vacate, set aside, or correct the sentence.
>
> Unless the motion, and the files, and the records of the case
> conclusively show that the prisoner is entitled to no relief, the

---

[5] Article I, Section 9, Clause 2 of the Constitution provides, "The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or invasion the public safety may require it."

court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues, and make findings of fact and conclusions of law with respect thereto. If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate...

An application for a writ of habeas corpus...shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, **unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention. [highlighted portion called the "savings clause"]**

Missing from 28 U.S.C. 2255 is any language investing the prisoner with the right to attack the sentence on grounds that the custody violates a treaty of the United States.

History and tradition support the argument that the remedy for custody in violation of a treaty is habeas corpus.[6] **INS vs. St. Cyr, supra.**

Present in 28 U.S.C. 2241(c)(3) is the following language: "(c) The writ of habeas corpus shall not extend to a prisoner unless-- (3) He is in custody in violation of the Constitution, or laws or treaties of the United States..."

Treaties are not laws. Treaties are not part of the Constitution. Accordingly, a prisoner could not bring an action in a 2255 Motion based on a treaty because 2255 does

---

[6] Significantly, the Constitution of the United States makes it clear that a treaty is **sui generis**, and not a law of the United States. The President makes "treaties", and treaties are not made the same way "laws" are made. **Gouveia vs. Vokes**, 800 F.Supp.241, 256 (EDPA 1992)[treaties have the force of laws but are not laws]. The purpose of Article VI of the Constitution was not to make treaties laws of the United States but instead to make sure that courts of justice--state and federal--would enforce them. Reservations in a treaty are void where they interfere with the objectives of the treaty.

not authorize the lawsuit. 2241 explicitly confers the right to bring a civil action for habeas corpus based on a treaty violation.

In **Garza vs. Lapin**, 253 F3d 918 (7th Cir. 2001), the issue was whether a 2241 habeas could be used to litigate an allegation that the custody violated the Charter of the Organization of American States would fall within the "savings clause." The Court held that the allegation fell within the savings clause, and the court had jurisdiction.

In **United States vs. Bakeas**, 987 F.Supp. 44, 46 (DMA 1997), the district court relied on the ICCPR to grant a downward departure.

## VIII. 2255 MOTION IS "INADEQUATE OR INEFFECTIVE" WHERE CLAIM WAS NOT AVAILABLE WHEN THE 2255 MOTION WAS FILED

The Government's "response" advances the proposition that all attacks on the sentence must be made under 2255 in the sentencing court.

However, in **Jeffers vs. Chandler**, 234 F3d 277 (5th Cir. 2000), the Court said that habeas corpus must remain available to correct manifest injustice or free the innocent. In **St. Cyr, supra**, the Supreme Court said that habeas must remain available to correct jurisdictional defects. **Triestman v. United States**, 124 F.3d 361, 377 (2nd Cir. 1997).

Price's 2255 motion was "inadequate or ineffective" for numerous reasons including but not limited to the fact that the **Jones/Apprendi/Jones** platform for the present claim was not available when his 2255 motion could have been filed. Accordingly, the Suspension Clause of the Constitution requires that he be permitted to litigate his claims that the court lacked jurisdiction via 2241.

In **United States vs. Ford**, 88 F3d 1350 (4th Cir. 1996), the Court wrote:

"Furthermore, sentencing a defendant at the wrong guideline range seriously affects the fairness, integrity, and public reputation of the judicial proceedings. If we do not correct this error, Reid will serve a term of imprisonment of three years longer than required by the sentencing guidelines. We cannot casually ignore this fact because of an overly-strict adherence to technical requirements. Three years of a man's life is not a trifling thing. No court of justice would require a man to serve three undeserved years in prison when it knows that the sentence is improper. The fairness, integrity, and public reputation of our judicial system demand that we correct Reid's sentence." Id. a

In this case, there is an error of enormous magnitude. The district court had the authority to impose a sentence of 20 years. It imposed a substantially higher. This Court has an obligation to correct the defect regardless of the procedural posture of the case.

## IX. THE ICCPR ALSO MANDATES RETROACTIVITY

Article 9 of the ICCPR reads, in pertinent part, as follows:

> ...Anyone who is deprived of his liberty by arrest or detention shall be entitled to take proceedings before a court, in order that the court may decide without delay on the lawfulness of his detention and order his release if the detention is not lawful.

Article 15 of the ICCPR reads, in pertinent part, as follows:

> ...If, subsequent to the commission of the offence, provision is made by law for the imposition of a lighter penalty, the offender shall benefit thereby.

The ICCPR mandates that **Jones/Apprendi/Jones** be applied retroactively.

## X. THE COURT HAS AN INHERENT OBLIGATION TO EXAMINE ITS OWN JURISDICTION AND CORRECT WHAT APPEARS TO BE A JURISDICTIONAL DEFECT

If there is an **Jones/Apprendi/Jones** error in this case, then the sentence is illegal. An illegal sentence is a jurisdictional defect that cannot be defaulted. **United States vs. Michelson**, 141 F3d 867, 872 n. 3 (8th Cir. 1998). Questions involving a court's jurisdiction cannot be waived. See **Freytag vs. Commissioner of Internal Revenue**, 501 U.S. 868, 111S.Ct. 2631, 115 L.Ed.2d 764 (1991), **Bender vs. Williamsport Area School District**, 475 U.S. 534, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986). See also **Johnson vs. Zerbst**, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)(The original purpose of the writ of habeas corpus was to allow relief where a defendant was convicted by a court that lacked jurisdiction).

In this case, the indictment did not charge, and the district court judge did not inform the jury that drug identity, drug quantity, and time frame were elements of the crime in its instructions on conspiracy, possession, intent to distribute or intent. The district court did not submit special interrogatories. The jury did not answer special interrogatories. Accordingly, the jury did make findings with respect to all elements of the offense. Instead, the judge made findings by a preponderance, and imposed the thirty (30) year sentence.

Imposition of a thirty (30) year sentence based on judge made fact findings is an "illegal sentence" because the sentence is substantially higher than the 20 year default

statutory maximum penalty that would apply to the most basic drug offense involving cocaine.

This Court has an independent obligation to examine the facts of the case, examine its own jurisdiction and, if necessary, take steps to correct the jurisdictional defect. **Freytag vs. Commissioner of Internal Revenue**, 501 U.S. 868, 111 S.Ct. 2631, 2648, 115 L.Ed.2d 764 (1991)(Scalia, J. concurring)(discussing the "non-waivability" of subject matter jurisdiction. **United States vs. Tran**, 234 F3d 788 (2nd Cir.2000)(District Court did not have jurisdiction to enter a conviction or impose sentence for an offense not charged in the indictment), **Harris vs. United States**, 149 F3d 1304 (11th Cir. 1998)(jurisdictional deficiencies in an indictment or information cannot be waived). Because the Court has an independent duty to assure itself that it has jurisdiction, the parties can raise jurisdictional defects at any time. Whether the sentence was an illegal sentence is a jurisdictional defect that can be raised at any time. **United States vs. Michelson**, 141 F3d 867, 872 n. 3 (8th Cir.)["Nor would Michelson's waiver prevent a challenge under 28 U.S.C. 2255 to an illegal sentence"],

## XI. CONCLUSION

The writ of habeas corpus should be **GRANTED**.

_____

Cheryl J. Sturm
Attorney-At-Law
408 Ring Road
Chadds Ford, PA 19317
484/ 771-2000

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 10th day of August, 2001, s/he served a copy of the

**Motion to Strike, Motion for Judgment by Default and Traverse** upon opposing

counsel, and all interested parties by mailing a copy of same, first class mail, first class

postage prepaid, addressed as follows:

Kate L. Mershimer, Esquire
Assistant United States Attorney
Middle District of Pennsylvania
228 Walnut Street, Second Floor
P.O. Box 11754
Harrisburg, PA 17109-1754