# ORIGINAL

⑥
8-15-01
8c

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. PRICE,  :
        Petitioner  :  No. 1:CV-01-1150
          :
        v.  :  (Judge Kane)
          :
WARDEN, LSCI-ALLENWOOD,  :
        Respondent  :

**FILED**
**HARRISBURG**

AUG 1 3 2001

MARY E. D'ANDREA, CLERK
Per_____
      DEPUTY CLERK

## RESPONDENT'S BRIEF OPPOSING
## PETITIONER'S MOTION TO STRIKE & FOR DEFAULT JUDGMENT

On June 25, 2001, petitioner, James E. Price, filed a habeas corpus petition under 28 U.S.C. §2241 challenging his 1992 Eastern District of Pennsylvania conviction for cocaine distribution. The government opposed the habeas petition on the ground that Price could not challenge his federal conviction through a §2241 petition.

Price now has filed a motion to strike the government's response.[1] This brief is filed in opposition to that motion.

### Argument

**THE GOVERNMENT PROPERLY RESPONDED TO PRICE'S HABEAS
PETITION.**

Price's main complaint with the government's response to his habeas petition is that it is more akin to a motion to dismiss

---

[1] The government notes that Price's counsel has violated Local Rules 5.1(g),(h) and 7.1 by failing to obtain counsel's non-concurrence with this motion, by failing to submit a proposed order, and by combining the motion and brief in one document rather than two separate documents.

and that it failed to attach documents so that the Court could address the merits of Price's allegations. Price cites to <u>Browder v. Dept. of Corrections of Illinois</u>, 434 U.S. 257, 269 n.14 (1978), for the proposition that a custodian's response to a habeas petition is not like a motion to dismiss. Price then asserts that the failure to answer each averment means that the habeas petition should be granted by default.

Price completely misconstrues <u>Browder</u> to assert that the only way a habeas petition can be responded to is by answering each factual assertion and attaching documents. The Supreme Court's reference to its disfavor of a motion to dismiss was in the context of how the procedural rules governing habeas cases had been applied by the respondent in that particular case.

Elsewhere in <u>Browder</u>, however, the Supreme Court cited approvingly to another case indicating that the government can seek dismissal as a matter of law. <u>Browder</u>, 434 U.S. at 266 n.12 (quoting <u>United States ex rel. Mitchell v. Follett</u>, 358 F.2d 922, 929 (2nd Cir. 1966)). In <u>Mitchell</u>, the Second Circuit recognized that a respondent can argue that relief must be withheld as a matter of law, preserving its right to have a hearing. 358 F.2d at 928-29.

In the present case, it is the government's position that, as a matter of law, Price cannot pursue his claims under §2241. Indeed, the government has presented the identical

2

arguments in every other case like this case -- where a prisoner has tried to challenge his federal conviction from another district via a habeas claim under §2241 when his sole remedy, if any, was to proceed under 28 U.S.C. §2255. And every judge in this district has accepted those arguments and has dismissed the habeas petitions as a matter of law. See, e.g., Rivera v. Warden, LSCI, No. 1:CV-01-0096, slip op. at 6-7 (M.D.Pa.)(attached)(dismissing habeas petition and denying counsel's motion to strike). Accordingly, the government has responded appropriately to Price's habeas petition and the motion to strike should be denied.

Wherefore, petitioner's request that the government's response to his habeas petition be stricken, the government be deemed to have admitted his allegations, and that the habeas petition be granted by default should be denied.

Respectfully submitted,

MARTIN C. CARLSON
United States Attorney


KATE L. MERSHIMER
Assistant United States Attorney
228 Walnut Street
P.O. Box 11754
Harrisburg, PA     17108-1754
(717) 221-4482

Date:  August 13, 2001

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAIME RIVERA,               :
       Petitioner

                            :

       vs.              :  CIVIL ACTION NO. 1:CV-01-0096

                            :

WARDEN, LSCI, ALLENWOOD,  :
       Respondent

FILED
HARRISBURG, PA

JUN 1 2 2001

MARY E. D'ANDREA, CLERK
PER _____ 915
DEPUTY CLERK

M E M O R A N D U M

I.    Introduction

        On January 17, 2001, Petitioner Jaime Rivera ("Rivera"),
an inmate at LSCI-Allenwood, filed a petition for writ of habeas
corpus pursuant to 28 U.S.C. § 2241.  In his petition, he claimed
(1) matters relating to his sentence violated the United States
Constitution and the International Covenant on Civil and Political
Rights, U.N.T.S. No. 14668, Vol. 999 (1976) p. 171, ratified, 138
Cong. Rec. S-4781 (April 2, 1992) ("ICCPR") and (2) that the
Bureau of Prisons ("BOP") erred in classifying him for security
purposes.

        We are considering Petitioner's Objections to the Report
of the United States Magistrate Judge which recommends we dismiss
the petition, reasoning that Apprendi v. New Jersey, 530 U.S. 466,
120 S. Ct. 2348, 147 L.Ed.2d 435 (2000) cannot provide Petitioner
with relief because it does not apply retroactively to cases on
collateral review.  In his objections, Petitioner contends the

AO 72A

following: (1) the magistrate judge should not have considered the government's response because the response was essentially a motion to dismiss which is an inappropriate answer to a habeas petition; (2) Apprendi is retroactive because the ICCPR states that offenders shall benefit from lighter penalties imposed and because Apprendi is a jurisdictional defect; (3) section 2241 is the appropriate avenue for relief because treaty violations are not cognizable under section 2255; (4) section 2255 is inadequate or ineffective because Apprendi was not available at the time Petitioner filed prior section 2255 motions; and (5) the magistrate judge's analysis concerning Petitioner's classification is flawed because Apprendi is retroactive.  We will address in turn Petitioner's objections.

## II.    Background

### A. Procedural Background.

On November 22, 1991, a jury found Petitioner guilty of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846, distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), distribution of cocaine within 1,000 feet of a school in violation of 21 U.S.C. § 860, and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(2).  On June 1, 1992, the United States District Court for the Eastern District of Pennsylvania sentenced Petitioner to 292 months imprisonment.  He

2

filed a notice of appeal on June 10, 1992, but withdrew that appeal on September 18, 1992.

He filed, pro se, a section 2255 motion on May 6, 1993, in the Eastern District of Pennsylvania, asserting seven grounds for relief involving ineffective assistance of counsel, and sentencing and trial errors. In his supporting brief, among other arguments, he alleged his offense level was not calculated correctly because the amount of drugs for which he was responsible was not determined. (Gov. Ex. 1, at 60). An evidentiary hearing was held on November 22, 1993, and the petition was denied on May 20, 1994, without reference to Petitioner's drug quantity arguments. On May 31, 1994, Petitioner appealed, and the Third Circuit affirmed on February 15, 1995.

On January 23, 1997, he filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b) in the Eastern District of Pennsylvania. It was treated as a second or successive 2255 motion and removed to the Third Circuit. It was denied on January 14, 1997.

On July 8, 1998, Rivera filed a pro se motion for resentencing under 18 U.S.C. § 3582(c)(2), in the Eastern District of Pennsylvania, based on an amendment to the United States Sentencing Guidelines. This motion was denied on February 9, 2000. He has appealed this denial to the Third Circuit.

On June 28, 1999, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District

3

Court for the Northern District of Ohio. Among other things, he argued he was denied an adequate remedy by the Eastern District Court because it did not address the sentencing issues he had raised. On May 1, 2000, a magistrate judge recommended that the petition be dismissed because the petition should have been brought under section 2255 and filed in the Eastern District of Pennsylvania. On August 3, 2000, the district court adopted the magistrate's report and dismissed the petition. Rivera subsequently filed the instant habeas petition on January 17, 2001.

B. The ICCPR.

In his petition, Rivera argues that his conviction and sentence violate Article 15 of the ICCPR which provides in pertinent part:

> If, subsequent to the commission of the offence, provision is made by law for the imposition of a lighter penalty, the offender shall benefit thereby.

ICCPR art. 15(1). Also, in his objections to the magistrate report, he argues that section 2255 is inadequate or ineffective because he cannot pursue ICCPR claims under section 2255.

The ICCPR operates to protect human rights in the international arena. Its purpose is to give effect to the United Nations Universal Declaration of Human Rights and the United Nations Charter. 138 Cong. Rec. S4781-01 (daily ed. April 2, 1992) (statement of Sen. Pell). It was ratified by the United

4

States Senate in 1992 with certain reservations, declarations, and

understandings.  See id.

C. BOP's Classification of Petitioner.

Pursuant to 18 U.S.C. § 3621(b), the BOP has the

responsibility for designating the place of a prisoner's

confinement.  Section 3621(b) provides:

> The Bureau of Prisons shall designate the
> place of the prisoner's imprisonment.  The
> Bureau may designate any available penal or
> correctional facility that meets minimum
> standards of health and habitability
> established by the Bureau, whether maintained
> by the Federal Government or otherwise and
> whether within or without the judicial
> district in which the person was convicted,
> that the Bureau determines to be appropriate
> and suitable, considering—
>
> (1) the resources of the facility
> contemplated;
>
> (2) the nature and circumstances of the
> offense;
>
> (3) the history and characteristics of the
> prisoner;
>
> (4) any statement by the court that imposed
> the sentence—
>
>     (A) concerning the purpose for which the
> sentence to imprisonment was determined to be
> warranted; or
>
>     (B) recommending a type of penal or
> correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by
> the Sentencing Commission pursuant to section
> 994(a)(2) of title 28.

18 U.S.C. § 3621(b) (West 2000).

The BOP uses its own criteria in its classification of prisoners, nine of which are listed in the BOP's Security Designation and Custody Classification Manual. The factors indicate when increased security is required for a prisoner. Rivera was assigned the factor of "greatest severity offense" because the BOP determined that he was an organizer of a drug unit and his offense involved cocaine amounts greater than or equal to 10 kilograms. (Gov't Answer, at 14).

On April 11, 1995, Petitioner filed an inmate request seeking a change in his classification, which was denied. He pursued subsequent administrative remedies, all of which were denied. Petitioner asserts the denials were based on inaccurate information in the presentence report: that he managed seven people in a drug ring and that he was responsible for 15-50 kilograms of cocaine.

## III. Discussion

### A. Browder and the Government's Response to the Petition.

Petitioner asserts that the magistrate judge should have recommended that we strike the government's response to the petition because "it was the functional equivalent of the motion to dismiss denounced in Browder." (Pet'r Objections, at 1). The government replies that Petitioner has misconstrued Browder and

6

AO 72A

further argues that, as a matter of law, its response is appropriate.

In <u>Browder</u>, the United States Supreme Court decided that a court of appeals lacked jurisdiction over a district court order where the appeal was untimely. <u>Browder v. Director, Department of Corrections</u>, 434 U.S. 257, 271-72, 98 S. Ct. 556, 565, 54 L.Ed.2d 521, 536 (1978). Petitioner relies on a footnote in the Court's opinion which states that a motion to dismiss is an inappropriate response to a habeas petition. <u>See</u> <u>id.</u> at 269 n.14, 98 S. Ct. at 563 n.14, 54 L.Ed.2d at 534 n.14. We note that Petitioner made this same argument in his section 2241 habeas petition before the United States District Court for the Northern District of Ohio. (Respondent's Ex. 6, at 6). Adopting the recommendation of a magistrate judge, that court did not strike the government's response. <u>See</u> Gov't Ex. 7.

The Federal Rules, applicable to section 2254 and section 2241, grant us broad discretion in managing habeas cases. <u>Ukawabutu v. Morton</u>, 997 F.Supp. 605, 608 & n.2 (D.N.J. 1998) (quoting <u>Lonchar v. Thomas</u>, 517 U.S. 314, 325, 116 S. Ct. 1293, 1299, 134 L.Ed.2d 440, 452 (1996)). Given the government's meritorious claims, like the Northern District of Ohio, in exercising our discretion we will not strike the government's response.

7

## B. Jurisdiction

Generally, challenges to a prisoner's sentence should be brought in a section 2255 motion, whereas challenges to conditions of confinement should be raised in a section 2241 habeas petition. United States v. Donahue, No. 00-2454, 2001 WL 474417, at *1 (E.D. Pa. May 1, 2001); Snead v. Warden, F.C.I. Allenwood, 110 F.Supp.2d 350, 352 (M.D. Pa. 2000). In the petition, Petitioner asserts that his sentence and conviction were in violation of Apprendi. Because he is attacking his sentence, the proper avenue of relief is a section 2255 motion, filed in the district court where he was convicted. See United States v. Hatcher, 76 F.Supp.2d 604 (E.D. Pa. 1999).

However, Petitioner has previously filed two section 2255 motions in the Eastern District of Pennsylvania: one on May 6, 1993, and the other on January 23, 1997, (initially filed as a motion pursuant to Federal Rule of Civil Procedure 60(b), but treated as a second section 2255 motion). Prior to the 1996 AEDPA amendments, to bring a second or successive section 2255 motion, a petitioner had to meet a cause and prejudice standard. The 1996 amendments changed this requirement. Now, second or successive section 2255 motions must be reviewed and certified by a circuit court. In relevant part, section 2255 authorizes the court of appeals to permit a second or successive 2255 motion if the applicant invokes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,

8

AO 72A

that was previously unavailable." 28 U.S.C. § 2255 (West Supp. 2000).

Petitioner's case, however, is unique. He filed his first section 2255 motion prior to the amendments, filed a second motion after the amendments, and now, if he desires to pursue his Apprendi claims, must file a third motion. The Third Circuit, in United States v. Roberson, 194 F.3d 408 (3d Cir. 1999), has addressed this situation. It held that applying AEDPA's gatekeeping provisions were not impermissibly retroactive as applied to Roberson, a petitioner who was in a similar procedural position. Roberson, 194 F.3d at 419. However, the court noted that the question is "whether the application of the gatekeeping provisions would produce a genuine retroactive effect in the particular case at hand, not whether it would generally do so in a broader class of cases into which the case at hand falls." Id. at 413. Rivera may very well meet the cause and prejudice standard.[1] If not, application of the gatekeeping provisions of the AEDPA would not operate impermissibly and retroactively against him. A determination whether Apprendi applies retroactively to cases on collateral review is a determination to be made by the Third

_____

[1]The Third Circuit found cause when Roberson omitted claims from a prior section 2255 motion because the legal distinction at issue in that case did not exist at the time he filed his first section 2255 motion and because "Roberson had no duty to anticipate changes in the law." Roberson, 194 F.3d at 414. Likewise, Petitioner may be able to establish cause for omitting Apprendi claims in his prior section 2255 motions. He must then be able to prove that he was prejudiced. Id. at 410.

9

Circuit, not this court.  See 28 U.S.C. § 2244(b)(3) (West Supp. 2000); see also, Osayande v. United States, No. 3-01-CV-0267-G, 2001 WL 209466, at *1 n.1 (N.D. Tex. Feb. 21, 2001).  In either event, Petitioner's Apprendi claims are not properly before us.

Perhaps as a way of circumventing these procedural pitfalls, Petitioner has challenged his sentence by way of a habeas petition under section 2241.  Petitioner can only challenge his sentence under section 2241 if the remedy under section 2255 would be "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255 (West Supp. 2000); see also United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000).

### C. The Inadequacy or Ineffectiveness of a Successive Section 2255 Motion.

Petitioner has the burden to prove that section 2255 would be an inadequate or ineffective remedy.  Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).  In his exceptions to the magistrate report, he claims that section 2255 would be inadequate or ineffective because (1) treaty violations are only cognizable under section 2241 and (2) Apprendi was not decided at the time that he filed his prior section 2255 motions.

The Third Circuit has stated that a section 2241 petition may proceed only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and

10

adjudication of his claim of wrongful detention.'"  Brooks, 230

F.3d at 648 (quoting United States ex rel. Lecuillou v. Davis, 212

F.2d 681, 684 (3d Cir. 1954)).  "It is the inefficacy of the

remedy, *not a personal inability to utilize it*, that is

determinative . . . ."  Garris v. Lindsay, 794 F.2d 722, 727 (D.C.

Cir. 1986) (emphasis added).  Section 2241 should not be used as a

way of evading the gatekeeping provisions of section 2255.  In re

Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

### 1. Petitioner's ICCPR Claim.

Petitioner argues that section 2255 would be an

inadequate or ineffective remedy because it does not include

treaties in its coverage and that treaty violations can only be

brought under section 2241.[2]  He further maintains that the ICCPR

is self-executing, and therefore a means for enforcing his rights.

The government makes no argument concerning the enforceability of

the ICCPR in the courts.

We need not reach Petitioner's argument (that treaty

violations can only be pursued under section 2241) because the

ICCPR is not available to enforce his rights.  During

ratification, the Senate declared that Articles 1 through 27 of

the ICCPR are not self-executing.  138 Cong. Rec. S4783-84 (daily

---

[2]The scope of section 2241 includes violations of "the
Constitution or laws or *treaties of the United States*[,]"  28
U.S.C. § 2241 (West 1994) (emphasis added), whereas the scope of
section 2255 includes violations "of the Constitution or laws of
the United States."  28 U.S.C. § 2255 (West 1994).

11

ed. April 2, 1992) (statement of the presiding officer).  Most

courts have held that the ICCPR is not self-executing.[3]  Because

the treaty is not self-executing, it is not enforceable in the

courts and Petitioner cannot rely on it.[4]  Moreover, the Senate

---

[3]See, e.g., Beazley v. Johnson, 242 F.3d 248, 267 (5th Cir.
2001) (considering habeas petition and recognizing the Senate, in
ratifying the ICCPR, stated that Articles 1 through 27 are not
self-executing); Benas v. Baca, No. 00-11507, 2001 WL 485168, at
*5 (C.D. Cal. Apr. 23, 2001) (finding Plaintiff had no cause of
action because the ICCPR is not self-executing and Congress had
not passed implementing legislation); Cancel v. Goord,
No. 00-CIV-2042, 2001 WL 303713, at *9 (S.D.N.Y. Mar. 29, 2001)
(noting courts have "uniformly" held that the ICCPR is not
self-executing and does not provide a private cause of action);
Ralk v. Lincoln County, 81 F.Supp.2d 1372, 1380 (S.D. Ga. 2000)
(concluding no private right of action exists under the ICCPR
consistent with the decisions of other courts); Heinrich ex rel.
Heinrich v. Sweet, 49 F.Supp.2d 27, 43 (D. Mass. 1999) (refusing
to recognize cause of action because the Senate and courts have
decided that the ICCPR is not self-executing); Hawkins v.
Comparet-Cassani, 33 F.Supp.2d 1244, 1257 (C.D. Cal. 1999)
(holding that the ICCPR is not self-executing), rev'd on other
grounds and remanded, --F.3d--, 2001 WL 575459 (9th Cir. May 30,
2001); Jama v. INS, 22 F.Supp.2d 353, 364-65 (D.N.J. 1998)
(finding that ICCPR did not provide basis for waiver of sovereign
immunity when the Senate declared the ICCPR was not
self-executing); White v. Paulsen, 997 F.Supp. 1380, 1385-87
(E.D. Wash. 1998) (reasoning from the language of the ICCPR and
the Senate's declaration that the ICCPR is not self-executing); In
re the Extradition of John Cheung, 968 F.Supp. 791, 803 n.17
(D. Conn. 1997) (noting even if factual grounds existed to prevent
Plaintiff's extradition, the ICCPR would not act to enforce
Plaintiff's rights because it is not self-executing).  But see
Maria v. McElroy, 68 F.Supp.2d 206, 231-34 (E.D.N.Y. 1999)
(stating that although the ICCPR is not self-executing, it is the
law of the land and it obligates the United States government).

[4]A treaty ratified by the Senate can only be enforced in the
courts as domestic law if it is self-executing or if implementing
legislation has been passed.  Mannington Mills, Inc. v. Congoleum
Corp., 595 F.2d 1287, 1298 (3d Cir. 1979) (citing Diggs v.
Richardson, 555 F.2d 848 (D.C. Cir. 1976)); Jama v. INS, 22
F.Supp.2d 353, 361 (D.N.J. 1998) (citing Dreyfus v. Von Finck, 534
F.2d 24 (2d Cir. 1976)).  Not only is the ICCPR not

stated that the United States would not follow the third clause of
article 15(1), the very clause that Petitioner relies on.  Id. at
S4783.

### 2. Apprendi's Unavailability for a Section 2255 Motion.

Petitioner next claims that section 2255 would be an
inadequate or ineffective remedy because Apprendi was not decided
at the time he filed his first section 2255 motion, relying on
Jiminian v. Nash, 245 F.3d 144 (2d Cir. 2001).  In reply, the
government argues that section 2255 is not inadequate or
ineffective because Petitioner could have brought an
"Apprendi-like" claim on appeal or in a prior section 2255 motion.

We first note that the Jiminian court did not hold that
section 2255 is an inadequate or ineffective remedy if the claim
was unavailable at the time a prior section 2255 motion was made,
as Petitioner contends.  It held that if a claim was available on
direct appeal or in a prior section 2255 motion, then the 2255
remedy is not inadequate or ineffective.  Jiminian, 245 F.3d at
147-48.  That court did not specifically address the circumstances
before us.  Rather, the Third Circuit's holding in In re
Dorsainvil, 119 F.3d 245 (3d Cir. 1997) is controlling.

In Dorsainvil, the petitioner was seeking a
certification from the Third Circuit to file a second section 2255

---

self-executing, but also Congress has not passed implementing
legislation.  Jama, 22 F.Supp.2d at 364.

13

motion, because subsequent to the denial of his initial 2255 motion, the United States Supreme Court had decided <u>Bailey v. United States</u>, 516 U.S. 137 (1995). <u>Bailey</u> might have rendered Dorsainvil's weapons conviction under 21 U.S.C. § 924(c)(1) invalid because it decriminalized certain conduct the Third Circuit had previously ruled was within the ambit of section 924(c)(1). The Third Circuit denied a certificate because <u>Bailey</u> did not satisfy the criteria for allowing a second 2255 motion: it was not based on newly discovered evidence nor did it establish a new rule of constitutional law; it merely corrected an erroneous statutory interpretation by the lower federal courts. <u>Dorsainvil</u>, 119 F.3d at 246-48.

However, because <u>Bailey</u> had not been decided at the time Dorsainvil's initial section 2255 motion had been ruled on, and because that decision presented a change in substantive law that may have negated the crime for which Dorsainvil stood convicted, the Third Circuit held that the section 2255 motion was inadequate and ineffective to test the legality of Dorsainvil's detention. The court stressed that its holding is a narrow one and limited to the "unusual position-that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate." <u>Id.</u> at 251, 252-53.

It was crucial to the Third Circuit's decision in <u>Dorsainvil</u> that a refusal to allow a 2241 petition might result in

14

the imprisonment of a person who had not committed a crime.   That

is not the case with Petitioner.  See Abdullah v. United States,

Nos. 01-862, 95-317, 2001 WL 283159, at *5 (E.D. Pa. Mar. 20,

2001).  He is not asserting that the Supreme Court's holding in

Apprendi negates his criminal conduct, rather it only shifts the

fact-finding duty from the court to the jury and changes the

burden of proof from a preponderance of the evidence standard to a

reasonable doubt standard.

        Moreover, subsequent to the Dorsainvil decision, the

Third Circuit noted that a common theme of those courts holding

that section 2255 is inadequate or ineffective, is that "the

petitioner would have *no other means* of having his or her claim

heard."  United States v. Brooks, 230 F.3d 643, 648 (3d Cir.

2000).  We are unable to say that Petitioner has no other means of

relief: as discussed previously, Petitioner's claims may be heard

in a successive section 2255 motion, if he meets the applicable

standards.

        C. BOP's Classification Scheme.

        Finally, Petitioner argued that his classification by

the BOP is inconsistent with the ICCPR, the Due Process Clause,

and the Sixth Amendment right to a jury trial because the BOP

relied on facts in the presentence report (drug quantities and

Petitioner's role in the crimes) which were not charged or proven

to a jury in violation of Apprendi.  The government responded that

                                15

the BOP has discretion in determining classifications, relying on
18 U.S.C. § 3621(b), and that <u>Apprendi</u> does not control this
issue.

The magistrate judge determined that because <u>Apprendi</u>
cannot be retroactively applied to cases on collateral review,
that Petitioner's argument has no merit. In Petitioner's
objections to the magistrate report, he states that the report is
flawed because the ICCPR makes <u>Apprendi</u> retroactive, and therefore
the magistrate judge's analysis of Petitioner's prison
classification is flawed. The government does not respond to this
objection.

We have already dispensed with claims under the ICCPR,
and we can also dispense with the constitutional claims. The
Supreme Court has held that an inmate has no protected liberty
interest in his classification. <u>Martinez-Diaz v. Olsen</u>, 110
F.Supp.2d 295, 300 n.4 (D.N.J. 2000) (citing <u>Moody v. Daggett</u>, 429
U.S. 78, 88 n.9, 97 S. Ct. 274, 502 L.Ed.2d 236 (1976)). An
inmate's classification is determined at the discretion of the
Bureau of Prisons. <u>Id.</u>

IV. <u>Conclusion</u>

Petitioner has not met his burden of showing that
section 2255 would be an inadequate or ineffective remedy for his
claims based on <u>Apprendi</u>. He must therefore seek relief through
the proper channels for successive section 2255 motions. His

16

AO 72A

claim concerning his classification for confinement has no merit.

We will issue an appropriate order.

William W. Caldwell
United States District Judge

Date:  June 12, 2001

AO 72A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAIME RIVERA,
       Petitioner            :

                              :

       vs.                 :  CIVIL ACTION NO. 1:CV-01-0096

                              :

WARDEN, LSCI, ALLENWOOD,
       Respondent       :

**FILED
HARRISBURG, PA**

**JUN 1 2 2001**

MARY E. D'ANDREA, CLERK
PER_____
DEPUTY CLERK

<u>O R D E R</u>

      AND NOW, this 12th day of June, 2001, upon consideration
of the Report of the United States Magistrate Judge, dated April
19, 2001, Petitioner's objections thereto, and an independent
review of the Record, it is Ordered that

      1.  The petition under 28 U.S.C. § 2241 is
dismissed.

      2.  The Clerk of Court shall close this
file.

William W. Caldwell
United States District Judge

AO 72A

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JAMES E. PRICE, | : | |
| Petitioner | : | No. 1:CV-01-1150 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| WARDEN, LSCI-ALLENWOOD, | : | |
| Respondent | : | |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 13th day of August, 2001, she served a copy of the attached

**RESPONDENT'S BRIEF OPPOSING
PETITIONER'S MOTION TO STRIKE & FOR DEFAULT JUDGMENT**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania. ADDRESSEE:

Cheryl Sturm, Esquire
408 Ring Road
Chadds Ford, PA 19317

KATE L. MERSHIMER
Assistant U.S. Attorney