# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES E. PRICE            :
       Petitioner,       :      CIVIL NO. 1:CV-01-1150
                :
       v.                :      (Judge Kane)
                :
WARDEN, LSCI ALLENWOOD,    :
       Respondent.       :

**FILED**
**HARRISBURG**

JUN 2 1 2002

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

## M E M O R A N D U M

On June 25, 2001, James E. Price, an inmate confined at the

Allenwood Federal Lower Security Institution, White Deer, Pennsylvania, ("LSCI-

Allenwood"), filed this petition for writ of habeas corpus pursuant to 28 U.S.C. §

2241 to challenge the validity of a conviction and sentence imposed on October 19,

1992 by the United States District Court for the Eastern District of Pennsylvania.

The required filing fee has been paid. This is the second § 2241 petition Price has

filed with this Court.

Price asks this Court to consider the effect which Jones v. United

States, 526 U.S. 227 (1999); Apprendi v. New Jersey, 530 U.S. 466 (2000); United

States v. Jones, 235 F.3d 1231 (10th Cir. 2000), and the International Covenant on

Civil and Political Rights (ICCPR) have on his conviction and sentence. Doc. No.

1. For the reasons set forth below, the Court will summarily dismiss the petition

pursuant to Rule 4 of the Rules Governing § 2254 Cases in the United States

District Courts, 28 U.S.C. foll. § 2254 (1977).[1]  Rule 4, in pertinent part, provides:

"If it plainly appears from the face of the petition and any exhibits annexed to it that

the petitioner is not entitled to relief in the district court, the judge shall make an

order for its summary dismissal and cause the petitioner to be notified."

## I.  Background

On October 2, 1991, a Federal Grand Jury in the United States District

Court for the Eastern District of Pennsylvania returned a thirty-two (32) count

indictment charging Price with conspiracy to distribute cocaine, crack cocaine, and

heroin between later 1985 and September 1991.  The indictment alleged that Price,

along with nineteen other individuals, were members of a criminal conspiracy

which distributed cocaine and heroine in various parts of Philadelphia.  Price states

that he was convicted of conspiracy to possess with intent  to distribute cocaine

following a jury trial in the United States District Court for the Eastern District of

Pennsylvania on July 14, 1992.  On October 19, 1992, Price was sentenced  to three

---

1.    **Habeas corpus petitions brought pursuant to § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)).  See  e.g., Patton v. Fenton, 491 F. Supp. 156, 158-159 (M.D. Pa. 1979).**

hundred and sixty (360) months imprisonment and five (5) years of supervised release.[2]  His conviction and sentence were affirmed by the United States Court of Appeals for the Third Circuit.  See United States v. Price, 13  F.3d  711 (3d Cir. 1994).  A petition for writ of certiorari  was subsequently denied by the United States Supreme Court.  See Price v. United States, 514 U.S. 1023 (1995). According to the habeas petition under review, Price has never filed a petition for writ of habeas corpus under 28 U.S.C. § 2255 to challenge his conviction and sentence. Doc. No. 1,  pp. 3-4.[3] Instead, on December 2, 1999 Price through counsel filed a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this District Court, seeking to challenge his conviction and sentence.  That first § 2241 petition alleged: (1) that the execution of the sentence violated the Fifth and Sixth Amendments to the United States Constitution because there were no commissioners to apply the provisions of 28  U.S.C. §§ 994(s) and 994(r); (2) that the sentencing guidelines as

---

2.    Price asserts that the indictment alleged that he was involved in a conspiracy to possess and distribute, "5 kilograms or more" of cocaine, but that he was unlawfully convicted and sentenced on the basis of 500 to 1500 kilograms of cocaine.  Doc. No. 1, p. 4.  The original indictment is not in the record presently before the Court.

3.    The Court notes, however, that there are inconsistencies in this regard in the petition for writ of habeas corpus.  For example,  Paragraph 13(3) states: " 28 U.S.C. 2255 is not available because the first 2255 motion was filed before Jones/Apprendi/Jones. Price cannot file a second 2255 motion because the requirements for filing a second 2255 motion are not satisfied by an issue based on the first interpretation of a statute..." This apparently is a misstatement of the procedural history of this case, as Price has not filed a prior § 2255 motion.

3

applied to Price violated the enabling statute and were unconstitutional; (3) that the guidelines as applied to Price were ambiguous, manipulated by the prosecutor, and unconstitutional; (4) that the sentence imposed violated the Due Process Clause because the trial judge should have disclosed to the defendants and to their lawyers that he had a personal and financial relationship with the United States Attorney for the Eastern District of Pennsylvania, and that he should have recused himself; (5) that a motion pursuant to 28 U.S.C. § 2255 would be inadequate and ineffective because that petition would go back to the trial court, and presumably to the trial court judge, who had allegedly refused to disclose his financial dealings with the United States Attorney prosecuting the case; (6) that the alleged relationship between the trial judge and the United States Attorney constructively worked to deny Price effective assistance of counsel because if counsel had been so informed he would have filed a recusal motion, and (g) that counsel was also ineffective in failing to investigate all options to resolve the case. In a July 25, 2000 Order this Judge dismissed the petition, concluding that Price could challenge his conviction only under 28 U.S.C. § 2255. See Price v. Mendez No. 3:CV-99-2092, slip op. (M.D. Pa. July 25, 2000). The Third Circuit affirmed on February 15, 2001. Price v. Mendez, 250 F.3d 736 (3rd Cir. 2001).

4

Price filed this second counseled § 2241 habeas corpus petition on June 25, 2001, again seeking to challenge his conviction and sentence. Price now claims that his custody is in violation of the Constitution, laws and treaties of the United States. (Doc. No. 1, ¶ 13(2)). The petition was served on July 18, 2001. Presently before the Court is Respondent's "Response" to the petition, which incorporates a motion to dismiss. (Doc. No. 3). Petitioner filed a Motion to Strike, Cross-Motion for Default, and Traverse on August 14, 2001. (Doc. No.5).[4] Respondent filed a Brief in opposition to Petitioner's motion to strike and for default judgment. (Doc. No. 6). Price then filed a Response to Respondent's brief in opposition. (Doc. No. 7). The matter is now ripe for disposition.

Price claims that, applying "Jones/Apprendi/Jones ," his conviction must be reversed because the government failed to prove, beyond a reasonable

---

4. **Petitioner argues initially as a procedural matter that Respondent's "Response" should be stricken because it is, "not an acceptable pleading" in habeas corpus practice, citing Browder v. Dept. of Corrections of Illinois, 434 U.S. 257 (1978). Petitioner has misconstrued Browder.**

**In Browder, the United States Supreme Court decided that a court of appeals lacked jurisdiction over a district court order where the appeal was untimely. Petitioner relies on a footnote in the Court's opinion which states that a motion to dismiss is an inappropriate response to a habeas petition. See Browder at 269 n.14. The Federal Rules, applicable to section 2254 and section 2241, grant the courts broad discretion in managing habeas cases. Ukawabutu v. Morton, 997 F. Supp. 605, 608 & n.2 (D.N.J. 1998)(quoting Lonchar v. Thomas, 517 U.S. 314 (1996). Given the government's meritorious claims, in our discretion, the Court will not strike the government's response.**

5

doubt, each and every element of the offense for which he was convicted. Specifically, Price maintains that <u>Apprendi</u> announced a new rule of constitutional law which mandates that his conviction and sentence be set aside.  He argues that his conviction and sentence violate <u>Apprendi</u> because the issues as to the amount and identity of the substance in question should have been determined by a jury.[5] Based on these arguments, Price asserts that he is "actually innocent" of the aggravated offenses for which he was convicted and sentenced.  Similarly, Price maintains that this present § 2241 action should be entertained because a § 2255 petition would be  inadequate or ineffective to address his claims.  This is because Price "had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after the first 2255 motion." Doc. No. 1,  p. 11.[6]  Finally,  Price also asserts that his claims under the ICCPR could not have been brought pursuant to a § 2255 petition.

---

5. <u>Apprendi</u> held that,  "[O]ther than a fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." <u>Apprendi</u> at 120.

6. <u>See</u>, <u>supra</u>, fn. 3.  Price did not file a previous § 2255 motion.

## II. DISCUSSION

Price acknowledges that this is the second § 2241 petition he has filed with this Court. In 1996, Congress passed the Antiterrorism and Effective Death Penalty Act (AEDPA).[7] The Act operates to strictly circumscribe the power of federal courts to consider second or successive habeas corpus petitions. If a prisoner attempts to assert a claim which has already been put before the court in a previous federal habeas petition, the claim must be dismissed in all cases. 28 U.S.C. § 2244(b)(1). See Tyler v. Cain, 533 U.S. 656, 661-62 (2001). If the prisoner seeks to present a claim that was not raised in a previous petition, it must be dismissed unless it falls within two very narrow exceptions: (1) newly discovered facts call into question the accuracy of the guilty verdict, or (2) the petitioner demonstrates that his new claim relies on a new rule of constitutional law which has been made retroactive by the Supreme Court to cases on collateral review. See also In Re Dorsainvil, 119 F.3d 245(3rd Cir. 1997).[8]

---

7. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, 28 U.S.C. § 2244.

8. In Dorsainvil, the Court held that a federal prisoner barred from using a § 2255 motion under the AEDPA standards for successive motions could resort to a § 2241 petition if the prisoner "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate..." 119 F.3d at 251. The Court stressed that the holding was a "narrow one" based on the unusual circumstances of a Supreme Court precedent decriminalizing conduct that the petitioner could not have presented in his first §

Price asserts that these "new" claims presented in this successive § 2241 petition fit within this second exception. The Court disagrees. Price's present claims do not fit within the narrow exception of 28 U.S.C. § 2244(b)(2) or as contemplated by the Third Circuit in Dorsainvil.

Initially, Price contends that his conviction and sentence violate the holdings in Jones v. United States, 526 U.S. 227 (1999) and United States v. Jones, 235 F.3d 1231 (10th Cir. 2000). Both cases hold, like Apprendi, that every element of a crime must be submitted to a jury and proven beyond a reasonable doubt. Price's reliance on these cases is misplaced. Both cases dealt with direct appeals of the underlying convictions and sentences. That is, neither case had yet attached final judgment. Thus, neither case was decided within the context of a collateral attack, and as such are inapposite to petitioner's present habeas corpus claims. See Daniels v. United States, 532 U.S. 374 (2001) (holding that if a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack because the defendant failed to pursue those remedies while they were available, or because the defendant failed to pursue them successfully, the "defendant is without recourse." Daniels, 532 U.S. at 382.

---

2255 proceeding. 119 F.3d at 251-52.

Furthermore, Price filed his first § 2241 with this Court in December 1999. The Supreme Court issued its decision in <u>Jones v. United States</u> in March 1999; that is, eight months prior to the filing of the first § 2241 petition. As this issue could have been asserted in that petition, but was not, it will not be entertained now. The same is true for Price's ICCPR claim, which was equally available to the Petitioner at the time he filed his previous § 2241 petition. As it was not asserted then, it will not be considered now.[9] <u>See</u> <u>Tyler</u>, 533 U.S. at 662; 28 U.S.C. § 2244(b)(2).

Finally, Price has not established that <u>Apprendi</u> has been made retroactive to cases on collateral review. Price posits in conclusory fashion that <u>Apprendi</u> must be deemed not subject to the rules of retroactivity because it "represents the first interpretation of the elements of a criminal statute not subject to rules of retroactivity". (Doc. No. 1, p.9). Price cites <u>Teague v. Lane</u>, 489 U.S. 288 (1989) as authority for this proposition. The Court in <u>Teague</u>, however, held that

---

**9.** The purpose of the ICCPR is to give effect to the United Nations Universal Declaration of Human Rights and the United Nations Charter. 138 Cong. Rec. S4781-01 (daily ed. April 2, 1992). It was ratified by the United States Senate in 1992 with certain reservations, declarations and understandings. This district court has held that the ICCPR is not self-executing and it cannot be enforced by the courts. <u>See</u> <u>Rivera</u> v. <u>Warden</u>, No. 1:CV-01-0096, slip op. at 11-13 (M.D. Pa. June 12, 2001). Thus, Price's ICCPR claim would fail in any event.

9

Batson v. Kentucky, 476 U.S. 79 (1989), a case involving racial bias in jury selection, was not made retroactive to cases on collateral review. In fact, the Court reaffirmed in Teague that underlying considerations which favor and recognize the finality of a judgment are significant and compelling within the criminal context. The Court said that, "[a]pplication of constitutional rules not in existence at the time a conviction became final seriously undermines the principal of finality which is essential to the operation of our criminal justice system. Without finality, the criminal law is deprived of much of its deterrent effect." Teague at 1974.

In  Tyler v. Cain,  the Supreme Court specifically stated  that a new rule of law is not made retroactive to cases on collateral review unless the Court itself holds it to be retroactive.  533 U.S. at 661-62.  A review of Apprendi reveals that there is no indication that the decision was determined to have retroactive effect.  Moreover, the Court of Appeals for the Third Circuit, relying on Tyler, has similarly recognized that no Supreme Court case specifically holds that Apprendi is retroactive on collateral review. In re Turner, 267 F.3d 225 (3d Cir. 2001); Forbes v. United States, 262 F.3d 143 (2nd Cir. 2001) (Supreme Court has not held Apprendi rule retroactive).  Consequently, it is the conclusion of this Court that Price has not demonstrated that he is entitled to consideration of this successive  §

10

2241 petition by virtue of the narrow exception provided for by 28 U.S.C. § 44(b)(2), or as contemplated by the Third Circuit Court of Appeals in <u>Dorsainvil</u>.

## III. <u>Conclusion</u>

For the reasons set forth above, the petition for a writ of habeas corpus under 28 U.S.C. § 2241 will be dismissed without prejudice.[10] An appropriate Order follows.

<u>**ORDER**</u>

**NOW, THEREFORE, THIS** 20th **DAY OF JUNE, 2002,** for the reasons set forth in the foregoing Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for a writ of habeas corpus is **DISMISSED**, without prejudice.

2. The Clerk of Court is directed to **CLOSE** this file.

Yvette Kane
Middle District of Pennsylvania

---

10. Price's petition will be denied without prejudice so that he is not foreclosed from pursuing relief in the future in the event that the Supreme Court issues a ruling that is arguably of benefit to him and that ruling is made retroactive to cases on collateral review and so he can pursue any remedies available to him with the sentencing Court. <u>See</u> <u>Turner,</u> supra.